### VOLLARO v. VOLLARO et al.

(Supreme Court, Appellate Division, Second Department.   April 21, 1911.)

1. PARTITION (§ 13*)—NATURE OF REMEDY—COMMON LAW.
    At common law a writ of compulsory partition only ran in favor of one coparcener against another.
    [Ed. Note.—For other cases, see Partition, Cent. Dig. § 36; Dec. Dig. § 13.*]

2. PARTITION (§ 13*)—RIGHT TO PARTITION—STATUTORY PROVISIONS—TENANTS BY THE ENTIRETY.
    Under the express provisions of Code Civ. Proc. § 1538, which is similar to the English statutes of 31 and 32 Henry VIII, an action for partition may not be brought by tenants by the entirety, but only by joint tenants or tenants in common.
    [Ed. Note.—For other cases, see Partition, Cent. Dig. § 36; Dec. Dig. § 13.*]

3. HUSBAND AND WIFE (§ 14*)—CONVEYANCE TO HUSBAND AND WIFE—TENANCY BY THE ENTIRETY.
    A tenancy by the entirety, while partaking of some of the qualities of a joint tenancy, is a different estate, both in form and substance.
    [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 71–89; Dec. Dig. § 14.*]

4. APPEAL AND ERROR (§ 419*)—NOTICE OF APPEAL—JUDGMENT APPEALED FROM—JUDGMENT SUSTAINING DEMURRER.
    A judgment sustaining a demurrer to a complaint is improperly described in a notice of appeal therefrom as an interlocutory judgment.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2145, 2146; Dec. Dig. § 419.*]

Appeal from Special Term, Kings County.

Action by Saverio Vollaro against Josephina Vollaro and others. From a judgment sustaining a demurrer to the complaint, plaintiff appeals.   Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Leo J. Curren, for appellant.

William J. Driscoll, for respondents.

BURR, J. Plaintiff and the defendant Josephina Vollaro are husband and wife. After their marriage, two pieces of real property were conveyed to them, one in 1899 and the other in 1904. The complaint properly declares that they hold these lands as tenants by the entirety. Plaintiff brings this action for partition. Defendant demurs, and the question is presented whether one tenant by the entirety can compel partition of the lands thus owned against the will of the other.

[1] At common law a writ of compulsory partition only ran in favor of one coparcener against another. Allnatt on Partition, c. 3, § 2, p. 54. The English statute (31 Hen. VIII, c. 1, and 32 Hen. VIII, c. 32) extended it to tenants in common and joint tenants. Idem. 48; Mead v. Mitchell, 5 Abb. Prac. 92; affirmed 17 N. Y. 210, 72 Am. Dec. 455. This case contains a history of our own statutes upon the subject down to the date of the decision thereof in 1857. Our subsequent statutes have not extended the scope of the action.

[2] Such action being statutory in character, there is no room for judicial construction of the various married women's acts, and their effect upon the marital relation, so far as maintaining such an action is concerned; for the statute which was in force when the first of these pieces of property was acquired, and which is still in force, expressly provides that such an action may not be brought, except by a joint tenant or tenant in common. Code of Civil Procedure, § 1538.

[3] While tenancy by the entirety partakes of some of the qualities of a joint tenancy, it is a different estate, both in form and substance. Stelz v. Shreck, 128 N. Y. 263, 28 N. E. 510, 13 L. R. A. 325, 26 Am. St. Rep. 475.

[4] The notice of appeal in this case describes the judgment appealed from as an interlocutory judgment. As matter of fact the judgment is final in its character, and that judgment, and the order, should be affirmed, with costs. All concur.