Bernard S. Meyer, J.
In this partition action plaintiff alleged that on June 22, 1949 she was divorced from defendant Shaughnessy and thereby became a tenant in common with him of the subject property which had originally been deeded to them as tenants by the entirety. Defendant Shaughnessy denied information and belief as to the divorce, but admitted that he and plaintiff had an undivided one-half interest in fee in the property. Since tenants by the entirety are each seized of the entire interest subject to divestiture only on consent, on divorce, or at death, there is an inconsistency between the denial and *537 admission referred to. In view of the ambivalent nature of tenancy by the entirety and defendant Shaughnessy’s vigorous contest of the validity of the divorce upon trial, the court resolves the inconsistency by construing the admission to mean that each has an undivided interest, rather than an undivided one-half interest. On July 3, 1949, plaintiff married defendant Leis and thereafter and until July, 1960 resided with him and the three children of her marriage to Shaughnessy and three children of Leis’ former marriage in the subject property. Since July, 1960 the property has been rented for $145 and plaintiff has been collecting the rent. There is a child born of plaintiff’s marriage to defendant Leis.
On the trial plaintiff introduced a decree of divorce from the courts of Dade County, Florida. Defendant Shaughnessy attacks the validity of that decree on the ground that plaintiff was not a bona fide Florida resident and because at the time the action was begun he was confined to a mental institution. The parties agree that he was released from the institution before the Florida decree was granted and that no appearance was entered by or for him in the Florida action. The evidence shows that he has been aware of the divorce since early July, 1949.
Whether defendant Shaughnessy should be permitted, in a real property action which only incidentally involves the validity of plaintiff’s divorce, to attack its validity, notwithstanding that for more than 11 years, during which plaintiff remarried and bore a child of her remarriage, he took no direct action to that end, need not now be decided. Clearly such a decision could not be made in the absence of a special guardian for the child of the second marriage who would be bastardized by any such holding. But the court does not find it necessary to direct a retrial after appointment of such guardian or to determine the validity of the Florida decree in this proceeding, in view of the concession that the Florida proceeding was ex parte. For the reasons fully stated in Huber v. Huber (26 Misc 2d 539), also decided today, the court holds that whether or not valid to dissolve the marriage between plaintiff and Shaughnessy, the ex parte Florida decree did not affect their interests in the subject property. As to that property the parties remain husband and wife until such time as by death, by consent, or by decree of a court having jurisdiction over not only the marital res (if it be assumed that the Florida court had such jurisdiction) but over the person of defendant as well or over the property itself by seizure, their unity of title is dissolved. Since tenants by the entirety may not obtain partition (Civ. Prac. *538 Act, § 1012; Vollaro v. Vollaro, 144 App. Div. 242), the complaint, insofar as it seeks partition, must be dismissed.
Defendant Leis by his answer asks that he be adjudged to have a lien for sums expended by him in payment of mortgage principal and interest, taxes, insurance and for repairs and improvements to subject property. The proof establishes that he expended $7,340.56 in payment of mortgage principal and interest, taxes and insurance and $2,198.46 for repairs and improvements during the period July, 1949 through October, 1960, and that these payments were made with the knowledge and consent of both plaintiff and defendant Shaughnessy, the latter having testified that he regularly checked with the bank to be sure the required payments had been made and that in 10 instances during 1951, 1952, 1953 and 1954, when payment had not been made, he, Shaughnessy, made payments totaling $471.78. Leis, therefore, may not be considered a volunteer as to the payments he made and is entitled to a lien on the premises in the amount of $9,539.02. Defendant Shaughnessy contends that Leis should be charged the rental value of his own occupancy and that of his children, but since those occupancies were an integral part of the occupancy by plaintiff and as between tenants by the entirety neither may charge the other for occupancy (Matter of Cornell, 240 App. Div. 996; Koff v. Koff, 150 N. Y. S. 2d 302), that contention is overruled. Shaughnessy also claims an offset for a share of the rents collected, but the proof showed that the rents are collected by plaintiff. While plaintiff will be required to account for the rent collected (Hiles v. Fisher, 144 N. Y. 306; Mastrofrancisco v. Mohawk Gas Co., 201 App. Div. 586; Medina v. Medina, 206 Misc. 1100), it may not be offset against Leis’ lien, nor may Shaughnessy receive reimbursement for his mortgage payment, as to which the law implies a gift (Sterns v. Stevans, 20 Misc 2d 417, 418, and cases cited).
Defendant Leis is, therefore, entitled to judgment that his lien upon the premises equals $9,539.02, and to a direction that the premises be sold in satisfaction of that lien if not paid within a period of 30 days. The surplus, if any, resulting from such sale will remain subject to the rights of plaintiff and Shaughnessy as tenants by the entirety, and will be held in an account subject to court order pending termination of that tenancy by death or otherwise. (Empire State Fed. Sav. & Loan Assn. v. Wukowitz, 197 N. Y. S. 2d 87; East Riv. Sav. Bank v. Kind, 26 Misc 2d 584.) While the accounting for rents received between July, 1960 and the date of sale is not related to disposition of the surplus, the court of its own motion will, *539 in order to avoid multiplicity of action, permit defendant Shaughnessy to amend his answer to request an accounting of the rents received since July, 1960. The judgment to be entered will, therefore, award Leis judgment as hereinabove set forth, grant Shaughnessy judgment dismissing the complaint insofar as it seeks partition, grant Shaughnessy permission to amend his answer as above indicated, and retain jurisdiction of the proceeding for purposes of the accounting between plaintiff and Shaughnessy and will further provide that, if the parties are unable to agree as to such accounting, the matter be referred to an Official Referee for further proceedings. Settle judgment on notice.