Burke I. Burke, J.
This is an action for partition of certain real estate in the City of Buffalo and plaintiff now moves this court for summary judgment pursuant to rule 113 of the Buies of Civil Practice. In support of the motion an affidavit alleges *1009 a marriage of the parties, the conveyance of certain real estate to the parties as tenants hy the entirety, physical separation of the parties, and plaintiff’s domicile in the State of Maine. Copies of State of Maine records indicate institution of a divorce action by plaintiff and entry of a decree of divorce.
In opposition defendant Robert R. Lockard alleges he did not appear or participate in the litigation in the State of Maine, that plaintiff has no equitable interest in the property, that plaintiff allegedly was seen in the City of Buffalo, New York on occasions after June of 1960 until the present time; and that there are questions of fact which said defendant desires to have a jury determine, including jurisdiction of the court in the State of Maine, the domicile of the plaintiff, and the exterritorial effect of a Maine decree upon real property in the State of New York.
Plaintiff’s motion for summary judgment is denied as it appears there are issues of fact to be tried.
There is a question of fact or law as to whether defendant appeared in the Maine divorce action and this to some extent may depend upon the law of the State of Maine which, itself, is a question of fact in this court. If it should be determined that the defendant did not appear in the Maine divorce action, jurisdiction there would depend upon whether plaintiff was domiciled in the State of Maine, a further question of fact. After determination of these questions there will be presented for the first time the question left unanswered in Bajkynicz v. Bajkynicz (5 A D 2d 562), whether a valid ex parte divorce would have any effect on the property rights of the defendant in New York State.