EDNA E. KOLB, Plaintiff, *v.* ROGER H. KOLB, Defendant.

Supreme Court, Special Term, Nassau County, October 20, 1966.

*Henry Steiner* for plaintiff. *Vincent J. Flanagan,* guardian ad litem for Roger H. Kolb, an infant, defendant.

MANUEL W. LEVINE, J. This is an action for a declaratory judgment brought by plaintiff to declare her the sole owner of a parcel of real property acquired by her and her deceased husband during their married life.

The plaintiff and Henry A. Kolb were married on September 24, 1933. There were two children born of this marriage (a daughter over 21 and the defendant who is 20 years of age). On August 2, 1939, they acquired a one-family dwelling known as 1512 Lowell Avenue, New Hyde Park, New York, which was conveyed to them as "tenants by the entirety."

On or about May 1, 1959, husband and wife separated. A judgment of separation was granted to the husband by this court on October 24, 1960. The separation action was commenced by personal service on the plaintiff.

On October 28, 1960, the plaintiff was granted a divorce by the Circuit Court of Broward County, Florida. The summons and complaint were served on the deceased by mail and he did not appear or answer in the action.

Thereafter, Henry A. Kolb died on June 21, 1961, while residing at 1512 Lowell Avenue, New Hyde Park, New York, where the deceased lived from the time of purchase until his demise.

The plaintiff conveyed the subject premises to a purchaser for value and the title company is holding a substantial part of the proceeds in escrow pending determination of her title to the realty. Prior to the closing the daughter, being over the age of 21, gave a quitclaim deed to her mother.

The question here involved is did plaintiff have an estate by the entirety or in common with the decedent at the time of death? In other words, did the ex parte Florida divorce decree affect plaintiff's rights in New York real property?

The validity of the Florida divorce decree is not at issue in this action. Whether it was valid or invalid the result will be the same. A foreign divorce decree, where the court does not have jurisdiction over the person of both parties, does not affect the rights in New York property (*Anello* v. *Anello,* 22 A D 2d 694 and cases cited therein).

In view of the fact that the deceased husband was not personally served, service by mail having been made, and his non-

appearance in Florida the estate in which the New York real property was held was not affected. At the time of the husband's death the property was held by the entirety (*Leis* v. *Shaughnessy*, 26 Misc 2d 536). It necessarily follows that, upon the death of the husband, plaintiff acquired all the right, title and interest in the real property.