John P. Cohalan, Jr., J.
Plaintiff seeks judgment pursuant to article 15 of the Real Property Actions and Proceedings Law that the estate of Gladys Guernsey, deceased, is the fee owner of three parcels of real property situate in Lindenhurst, Suffolk County, New York. Testatrix died July 11, 1967 after having commenced the action and Patrick Beary, as executor, was substituted by order of this court as party plaintiff in her place and stead, and the caption of the action has been amended accordingly.
*1019 In addition to a general denial the amended answer of defendant, James Guernsey, contains five affirmative defenses and three counterclaims, plus a cross complaint against the codefendant, with which we shall deal separately hereafter.
The affirmative defenses are briefly:
1. Failure to state a cause of action.
2. 'Collateral estoppel with reference to a Florida divorce obtained by Bernard S. Guernsey (Bernard), now deceased, against Gladys Y. Guernsey, (Gladys), now deceased.
3. Insufficiency of parties defendant because tenants of one of the parcels were not named in the action.
4. No valid marriage existed between Bernard and Gladys.
5. Because of the invalidity of the marriage (see 4, supra), Bernard and Gladys held the premises as tenants in common and not as tenants by the entirety. This allegation is also the gravamen of the first counterclaim which demands partition of the properties.
6. A second counterclaim for one half of the moneys had and received by Gladys from a tenant or tenants of the premises, in which she allegedly held a one-half undivided interest, only.
7. Third counterclaim claims that Gladys on or about May 1, 1964 became possessed of personal property of Bernard of a value of $10,000 and has refused to pay over or deliver the same to Bernard and his successors in interest.
Bernard was a peripatetic husband and father. His marital meanderings covered several States in the Union. They follow in chronological order:
1. Marriage to Mary'Catherine (Catherine) in 1920 in Suffolk County. Defendant, James, was the sole issue of this marriage; he was born March 22, 1930.
2. Divorce from Catherine in 1935 in Nevada.
3. Remarriage to Catherine in 1938 in Maryland.
4. Divorce from Catherine on July 29, 1949 in Georgia, after separation agreement executed December 8,1948. Provision was made in the agreement for the transfer of certain real property, not including the premises at issue, from Bernard to Catherine, plus monthly cash payments for- the support of James. It also provided: “ That this agreement and the husband’s obligations hereunder shall apply whatever may be the future status of the parties and shall not be affected by a divorce or separation obtained by either party. That the parties agree that the provisions herein contained for the support and maintenance of the wife and their son shall apply in the event of any judicial decree of separation or divorce obtained by either party and that the provisions herein shall survive such decree of separa *1020 tion or divorce and that the provisions of any order, decree or judgment of any Court granting a divorce or separation shall not be inconsistent herewith”. Catherine executed a general appearance in the Georgia action.
5. Marriage to Gladys on September 14, 1949 in Suffolk County.
During coverture of Bernard and Gladys they acquired the subject premises, Parcels 1 and 2 on June 8, 1950 and Parcel 3 on June 11, 1951 as husband and wife. Record title remains unchanged to this day.
6. Ex parte divorce from Gladys December 22, 1964 in Florida.
An exemplified copy of the record of that action shows as follows: In the complaint verified by Bernard S. Guernsey on May 13, 1964 that the plaintiff (Bernard S. Guernsey) and the defendant, Gladys Guernsey, married, each to the other on September 14, 1949, in the city of Lindenhurst.
James Guernsey testified in that action: ‘ ‘ Q. Could you tell us, please, how your Dad treated Mrs. Guernsey?, A. I would say as a husband would treat his wife ’?.
Gladys, as the defendant in the Florida action, was not a resident of that State and was not served personally with process. A notice of the commencement of the action was served by publication in a Florida newspaper. The papers show that Gladys then resided at 5 Willow Lane, Lindenhurst, New York. Why process was not served on her at that address does not appear in the papers.
An action was instituted by Gladys in the State of New York for a decree of separation on January 11, 1965 and that action abated immediately upon the death the same day of Bernard in the State of Florida.
James petitioned the County Judge’s Court in Broward ■County, Florida for probate of his father’s will and alleged in said petition under oath, that he was the sole surviving heir at law of Bernard. Catherine and Gladys were then very much alive, and Catherine still survives. The will which was executed on April 3, 1964 provides for a life estate to the codefendant, Leah C. Hoffman, in the real property with a remainder over and the residuary to James, the son. The will, which contains no reference whatever to Gladys or Catherine, was admitted to probate in the State of Florida on April 1, 1965. An exemplified copy of it, together with the Florida probate proceedings, was filed in the Surrogate’s Court of Suffolk County on June 14, 1965 when ancillary letters were issued to James.
Accordingly, if the first wife, Catherine, and Bernard were not divorced at the time of his death in January, 1965, then the *1021 title to the real property would be vested in Gladys and Bernard as tenants in common and not as tenants by the entirety. If Bernard and Gladys were husband and wife and subsequently divorced by a proper decree of divorce, title would then be vested in Gladys Guernsey and Bernard Guernsey as tenants in common. However, the nature of the process, i.e., lack of personal service in the Florida action, did not divest Gladys of her property rights in the real property. The court finds that the divorce decree obtained by Bernard against Catherine in Georgia was valid and permitted the later marriage of Bernard and Gladys. For neither Bernard nor his heirs could lawfully question the Georgia decree. But even if Catherine had not appeared in that action and had not consented to the jurisdiction, Bernard and his representatives would nevertheless be estopped from obtaining a determination that the decree obtained in the State of Georgia was null and void. (See 37 Fordham L. Rev. 356-362 [March, 1969] article by Prof. Earl Phillips, entitled ‘ ‘ Equitable Preclusion of Jurisdictional Attacks on Void Divorces ”.) Also, see Knight v. Knight (31 A D 2d 267, 270): “ Our courts have not treated the maneuvers of disenchanted spouses in seeking foreign divorces with the exercise of such an unyielding and lifeless logic. The defendant’s premise that the foreign decree is void for all purposes mistakes the rule. A foreign decree, though void for lack of jurisdiction, may still form the body of an estoppel against the party who caused it to be issued as to a private claim or demand arising out of the marriage. (Starbuck v. Starbuck, 173 N. Y. 503; Hynes v. Title Guar. & Trust Co., 273 N. Y. 612) ”. Also, see, Burford v. Burford (24 A D 2d 491); Farber v. Farber (25 A D 2d 850); and the most recent determination of the Court of Appeals in Krieger v. Krieger (25 N Y 2d 364, 370, 371) wherein the court denied an action by a husband to obtain a declaratory judgment that he was still the husband of the defendant who had remarried some four months prior thereto. There the court stated: ‘ ‘ The action for a declaratory judgment, as Frank, J., noted in Guibord v. Guibord (2 A D 2d 34) is governed by equitable principles and in such an action the equitable doctrine of estoppel is applicable. This is founded on lapse of time and the intervention of circumstances which render it unjust for the court in equity to assist plaintiff (Groesbeck v. Morgan, 206 N. Y. 385, 389; Feldman v. Metropolitan Life Ins. Co., 259 App Div. 123, 125). * e #
“ The plaintiff’s action should, therefore, be barred for laches. It may be doubted, too, whether, addressed to a marriage where the parties have been apart almost 20 years, any useful result *1022 is now possible from any judicial intervention (see Guibord v. Guibord, supra). The marriage seems now dead beyond recall. The decision at Special Term that ‘ The plaintiff has commenced the instant action, the object of which is to accomplish an inequitable end without beneficial results to the plaintiff’ is a good summary of the situation ”.
The Krieger case (supra) sought a declaratory judgment, but similar principles of law should apply to the instant action. The Florida decree of divorce did not affect the property interest of the wife upon the facts as shown in the record. See Anello v. Anello (22 A D 2d 694): “ Since the ownership by the plaintiff husband and the defendant wife as tenants by the entirety remainded intact despite the severance of their marital status by the foreign divorce decree, the husband is barred from maintaining this action; tenants by the entirety may not obtain partition (Vollaro v. Vollaro, 144 App. Div. 242; Real Property Actions & Proceedings Law, § 901).” (Also, see, 27B C. J. S., Divorce, § 382, pp. 885-886.)
James’ reliance on Matter of Lindgren (293 N. Y. 18) is misplaced. There a “ sham and fraud ” was held to have been practiced upon the divorce court on the question of valid residence (domicile), and the court took jurisdiction in ignorance of the misrepresentation.
At bar, there is no question that as to the Florida divorce, Bernard was a valid domiciliary of the State before he commenced his action against Gladys. And as to the Georgia action, the court had both parties before it (Bernard and Catherine) at the time of decision to give it jurisdiction, and not by nunc pro tunc appearance two years later as in Lindgren (supra), to give it the color of validity.
An additional feature herein, as already noted, is that James did not designate his mother in the Florida probate proceeding as a surviving spouse, but named himself as sole survivor. Depending on the circumstances deemed most favorable to his interests, he would have his cake and eat it, too.
Accordingly, the relief sought in the complaint is granted as hereinabove specified, the affirmative defenses are stricken and the counterclaims of the defendant, James L. Guernsey, are dismissed, without costs. The first and second counterclaims are dismissed by virtue of this decision; and the third for complete lack of proof.
As to the cross complaint of James in his individual and representative capacity, he is granted judgment for the relief demanded by reason of codefendant, Leah Hoffman’s, neglect to serve and file an answer.