Mario Pittoni, J.
In this action for partition defendant moves for an order, dismissing the complaint for failure to state a cause of action, and canceling a lis pendens.
The facts are uncontroverted. The parties were married in this State in 1965, and one year later they took title as tenants hy the entirety to certain real property situate in the Town of Yorktown. Subsequently, on February 23,1972, plaintiff obtained an ex parte divorce decree in the State of Georgia. Defendant was not personally served with process in the divorce action and did not appear therein. Defendant’s answer sets forth an affirmative defense attacking the validity of the divorce decree. Consequently, the question presented is whether an ex parte divorce decree issued under the laws of a sister State terminates the ownership status of former spouses to real property located in this State.
Tenancies by the entirety are creatures of the common law unitary concept of husband and wife (Jooss v. Fey, 129 N. Y. 17). *2 A tenancy by the entirety can exist only between a husband and wife and is dependent upon the existence of a valid marital relationship at the time of transfer to them (1 Rasch, Real Property Law & Practice, § 600).
It is well settled and codified that a tenant by the entirety may not maintain an action for partition (Real Property Actions and Proceedings Law, § 901; Vollaro v. Vollaro, 144 App. Div. 242). However, a divorce converts a tenancy by the entirety to one in common, whereby an action for partition lies (Yax v. Yax, 240 N. Y. 590; Stelz v. Shreck, 128 N. Y. 263; Ripp v. Ripp, 38 A D 2d 65), since the right of survivorship ceases upon marital dissolution and neither spouse can thereafter claim any interest in the real property by virtue of the former marriage (Hohenrath v. Wallach, 37 A D 2d 248, app. dsmd. 30 N Y 2d 674). Upon dissolution of the marriage the former spouses become seized in fee of the premises as tenants in. common (14 Carmody-Wait 2d, New York Practice, Partition, § 91:12) and no constitutional rights are violated by the legal conversion of such ownership status to the property (Plancher v. Plancher, 35 A D 2d 417, affd. on opn. below 29 N Y 2d 880).
Prior to Williams v. North Carolina (325 U. S. 226) this State refused to give effect to foreign decrees of divorce either as to marital status or property rights (Vanderbilt v. Vanderbilt, 1 N Y 2d 342, affd. 354 U. S. 416). After the Williams case (supra), such decrees were accorded full faith and credit, but only insofar as the marital status had been adjudicated (ibid.). Thus, the concept of divisible divorces was born and it was held that foreign ex parte decrees did not affect economic incidents arising out of the marital relationship (Vanderbilt v. Vanderbilt, supra; see Estin v. Estin, 334 U. S. 541; Di Russo v. Di Russo, 55 Misc 2d 839; Ann. 28 ALR 2d 1378, Divorce — Constructive Service — Alimony; Ann. 22 ALR 2d 724, 730-733 Divorce — Property Rights — Res Judicata). Consequently, the courts in this State uniformly held that, absent conduct creating an estoppel, ex parte foreign divorce decrees do not affect ownership status of real property in New York, although such decrees may .be valid for other purposes (Anello v. Anello, 22 A D 2d 694; Kraus v. Huelsman, 52 Misc 2d 807, affd. 29 A D 2d 738; Kolb v. Kolb, 52 Misc 2d 313; Huber v. Huber, 26 Misc 2d 539; Leis v. Shaughnessy, 26 Misc 2d 536; 15 N. Y. Jur., Domestic Relations, § 170; cf. Krieger v. Krieger, 25 N Y 2d 364; Knight v. Knight, 31 A D 2d 267, affd. 25 N Y 2d 957; Topilow v. Peltz, 25 AD 2d 874; Matter of Bock, 70 Misc 2d 470; see Burford v. Burford, 24 A D 2d 491; Ann. 34 *3 ALR 3d 969 Jurisdiction — Divorce — Foreign Realty). The leading case in this State for the afore-mentioned principle is Huber v. Huber (supra), where Mr. Justice Meter analyzed the problem in an opinion which was cited and approved by the Appellate Division, Second Department, in Anello v. Anello (supra).
Plaintiff urges that the above principle has been abrogated through enactment of the divorce reform laws in this State in 1966 (L. 1966, ch. 254, § 2 [amdg. Domestic Relations Law, § 170]) and by the broad language contained in the Court of Appeals opinion which initially construed certain provisions of the new legislation (Gleason v. Gleason, 26 N Y 2d 28). The Gleason case was decided on January 21, 1970, and it is interesting to note that only approximately one month earlier the Supreme Court, Suffolk County, adhered to the Huber-Anello principles (Beary v. Hoffman, 64 Misc 2d 1018). In the Gleason case, the Court of Appeals held that certain provisions of our liberalized divorce laws applied retrospectively. The court noted that a wife’s prospective right of inheritance is not a vested property right and that certain economic incidents flowing from the marital status cease upon its termination (pp. 40-41). Subsequently, the Appellate Division, Second Department, passed upon a facet of the tenancy by the entirety problem (Plancher v. Plancher, 35 A D 2d 417, affd. on opn. below 29 N Y 2d 880). In the cited case plaintiff obtained an ex parte Mexican divorce and subsequently sued for divorce and partition in New York. The appellate court observed that by virtue of the New York action plaintiff was implicitly conceding the invalidity of the foreign decree (35 A D 2d 417, 419, supra). The court unanimously held this procedure proper to obtain a partition of real property located in this State. In an opinion by Mr. Justice Hopkins, which was adopted by the Court of Appeals, the court stated (35 A D 2d 417, 420-421, supra): “ The rights of tenants by the entirety rest in the common law. ‘ This rule is based upon the unity of husband and wife, and is very ancient. It must have had its origin in the archaic period of our race, and it colored all the relations of husband and wife to each other, to the law .and to society ’ (Bertles v. Nunam, 92 N. Y. 152, 157). The fiction of unity, despite the advent of legislation broadening the powers of married women, has persisted in the present concept of the tenancy (Stelz v. Shreck, 128 N. Y. 263; Matter of Klatzl, 216 N. Y. 83; Yax v. Yax, 240 N. Y. 590; Hosford v. Hosford, 273 App. Div. 659). Upon the making of a grant of real property to husband and wife, the tenancy *4 comes into being; and, on the death of one, the surviving spouse takes the entire estate. 1 The survivor takes the whole in case of death, because that event has terminated the marriage and the consequent unity of person ’ (Stelz v. Shreck, supra, p. 267). When a divorce occurs, the marital relation is altered, and the rights of the severed parties in the property are altered as well, so that the parties become tenants in common. This is not because of any retroactive effect of the decree of divorce on the original grant to the spouses, but because the creation of the tenancy by the entirety was dependent on their marriage and, the marriage was I a continuing condition for the existence of the tenancy (Stelz v. Shreck, supra, p. 269). Indeed, as the opinion states in Stelz (pp. 269-270), the guilty spouse in the divorce action enjoys his rights as tenant in common even as much 'as the innocent spouse.
11 No matter, then, how the marital status is ended, by 'the very nature of the relationship between the 'tenants by the entirety their rights are immediately altered by that ending.” (Emphasis supplied; footnote omitted.)
The last-quoted sentence forms a predicate upon which plaintiff inferentially rests his case. Plaintiff, in effect, contends that the validity of the Georgia decree may be decided in this forum and upon a favorable determination partition may be had. The argument is appealing, especially since the validity of the foreign decree may be litigated in an action for partition (Bajkynicz v. Bajkynicz, 5 A D 2d 562; Lockard v. Lockard, 33 Misc 2d 1008). However, as noted earlier, plaintiff concedes that the Appellate Division, Second Department, prior to 1966, held in Anello v. Anello (22 A D 2d 694, supra) that an action for partition predicated upon an ex parte foreign divorce does not lie. The Anello case has not been overruled; but were the question open for determination the court would be inclined to adopt plaintiff’s argument, since the validity of the Georgia decree could be passed upon at this time and the rights of the parties resolved in one proceeding. This view is re-enforced by Mr. Justice Hopkins’ lucid exposition on the problem in the Plancher case (35 A D 2d 417, supra), and avoids the incongruities attendant to recognition of only piecemeal adjudication by virtue of divisible divorces.
However, plaintiff seemingly is foreclosed by a determination rendered by the Appellate Division, Second Department, on July 7, 1972 (Rodriguez v. Rodriguez, 40 A D 2d 531). In the Rodriguez case, the facts, extracted from the record on appeal, presented a very strong case for departing from the Anello rule. *5 There, the plaintiff wife sued for an ex parte divorce in Arizona and the defendant appeared for a conciliation hearing and was served with supplemental process in that State. Defendant had counsel appear specially in the divorce proceeding and moved to dismiss the action for lack of personal jurisdiction. The Arizona court held that defendant’s appearance for conciliation did not confer in personam jurisdiction in Arizona for the purpose of adjudicating property rights, hut subsequently' granted plaintiff the divorce. Thereafter, plaintiff instituted an action in New York for declaratory judgment to declare the validity of the Arizona decree, so as to authorize partition of real property in this State. Special Term dismissed the complaint, on the ground that to permit such an action would violate the Anello holding. On appeal the Anello-Huber rationales were fully presented and the court unanimously affirmed. The Anello case was cited with approval in the memorandum opinion and its principle reconfirmed. The precise argument presented here regarding the new public policy embodied in the 1966 divorce legislation was not raised in the Rodriguez case (supra),. but the argument is too tenuous for a court at nisi prius to decide the question differently in light of the most recent appellate pronouncement in point.
Accordingly, the court must grant the motion and dismiss the complaint, upon the authority of the Rodriguez case (supra). The court expresses no view pertaining to the validity of the-Georgia decree, which is the subject of litigation in a separate action commenced by defendant for declaratory judgment (see Pneuman v. Pneuman, 33 A D 2d 646, affd. 27 N Y 2d 982).