Eli Wager, J.
Upon the foregoing papers it is ordered that this motion by the defendant to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 1, 3, 7; subd [c]) is determined as follows:
This is an action by the plaintiff who is a record owner, as one of the tenants by the entirety, of a dwelling in Glen Cove. Her former husband obtained an ex parte divorce decree in the State of Nevada on May 10, 1973. In that action, she alleges without contradiction, she neither appeared in person nor by attorney. Shortly thereafter, the defendant obtained and filed a confession of judgment against the plaintiff’s former husband in the sum of $8,690. Although the instrument submitted for the court’s review does not so state, it is alleged that the judgment represented moneys due to the judgment creditor, the defendant herein, for "legal services rendered”. It later developed that the defendant was not lawfully admitted to the Bar of this State and was convicted in a criminal proceeding in this county for the unlawful practice of law.
Plaintiff brings this action to void the judgment recorded in favor of the defendant against her former husband on the ground that it represents a cloud on her title to the premises. Defendant moves to dismiss the action, inter alia, on the ground that the court lacks jurisdiction in that the plaintiff has no standing to sue. Defendant argues that the judgment is against her former husband and not against plaintiff and that it cannot represent a cloud on her title. Hence, he contends she is not affected by the existence of the judgment.
In determining the motion before us, the court does not reach the question of the validity of the judgment confessed by Victor Zimler to the defendant. That issue is tangential to the substance of this case and would require proof not now before the court. In our view, the central issue is the legal capacity or lack of it, of the plaintiff to maintain an action to invalidate this judgment as against her, and the validity of her claim that the judgment constitutes a cloud on plaintiff’s title.
*454 It appears that the former husband of the plaintiff has, in his reliance on his Nevada decree, remarried and is now living in another jurisdiction. The plaintiff has never contested the validity of that divorce decree. It is beyond dispute that a decree of a sister State dissolving the marriage of parties over whom only in rem jurisdiction is obtained, results in a "divisible divorce” which does not operate to invalidate the wife’s property rights, so long as the courts of the sister State lack in personam jurisdiction over her (Vanderbilt v Vanderbilt, 354 US 416; Estin v Estin, 296 NY 308, affd 334 US 541; Fishman v Fishman, 42 NY2d 856; Lynn v Lynn, 302 NY 193).
What is the status of the marital realty of the parties of such a divorce? Had the divorce taken place in New York with both parties appearing, it is settled law that the tenancy by the entirety would be terminated, and a tenancy in common created (Stelz v Shreck, 128 NY 263). Under the facts of this case however, the tenancy by the entirety is terminated by operation of law since that type of ownership applies, by definition, to husbands and wives only (Black’s Law Dictionary [4th ed], p 1635).
It has been noted that a tenancy by the entirety is essentially a "joint tenancy” modified by the common law theory that husband and wife are one person, and survivorship is the predominant and distinguishable feature of each (United States v Jacobs, 306 US 363). During their lifetime and during their marriage, the property of a tenancy by the entirety can only be terminated by joint action of the husband and the wife. Here, the marriage has been terminated but the essential property right of the wife to inherit jointly held marital realty upon her husband’s prior death cannot be diminished and is one of the property rights which are preserved for her. The husband, however, having voluntarily terminated the marriage relationship has no corresponding right to inherit from her.
Since the property rights of the wife cannot be abridged by the ex parte decree of the State of Nevada, partition is not available to the former husband (Ripp v Ripp, 38 AD2d 65, affd 32 NY2d 755; Vollaro v Vollaro, 144 App Div 242). Therefore, the lien of the judgment held by the defendant can only be effective against the interest of the former husband should there be a sale of the premises, a refinancing of the premises or a conveyance by either party to the other, all of which would require joint action by the plaintiff and the *455 former husband. The judgment creditor cannot levy against the plaintiff’s interest and can in no way impair or prejudice her legal position. He cannot defeat her expectancy in the premises nor does the lien of his judgment attach to her interest, which can be devised and pass to her heirs upon her death. In brief, as to this plaintiff, the judgment is a mere irritation. It represents no substantive claim which in any way diminishes her interest, rights or prerogatives in the premises.
In the event however that the defendant should seek to execute on the judgment against the former husband’s interest in the premises, the plaintiff, who also possesses a judgment against her former husband for unpaid alimony may be, as a judgment creditor of the former husband, in a different position. That eventuality has not yet occurred, and may never occur.
Accordingly, defendant’s motion for judgment dismissing the complaint herein is granted.