■ ROY YOST et al., Respondents, v STANLEY BLUMENFELD et al., Doing Business as MUNRO MACHINERY Co., Appellants, et al., Defendants.—In an action to recover damages for fraudulent inducement to enter into a contract, the appeal is from so much of an order of the Supreme Court, Suffolk County, dated February 8, 1977, as denied the branch of appellants' motion which sought dismissal of the first cause of action of the complaint. Order affirmed insofar as appealed from, with $50 costs and disbursements. An issue of fact exists as to the first cause of action which can only be resolved at a trial. Damiani, J. P., Titone, Suozzi and O'Connor, JJ., concur.

■ BERTHA ZIMLER, Appellant, v ALBERT SILVER, Respondent.—In an action to void a judgment recorded in favor of the defendant against the plaintiff's former husband, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County, dated August 30, 1977, which granted defendant's motion to dismiss the complaint and (2) the judgment of the same court, entered thereon on September 29, 1977. Judgment and order reversed, with $50 costs and disbursements, motion denied and complaint reinstated. As a subsequent judgment creditor of her former husband, the plaintiff has standing to maintain this action to vacate and set aside on equitable grounds the prior confession of judgment obtained by the defendant from the plaintiff's former husband (see *Johnston v Erlanger Realty Corp.,* 162 Misc 881, 886; 9 Carmody-Wait 2d, NY Civ Prac, §§ 63:163, 63:180). Damiani, J. P., Titone, Shapiro and O'Connor, JJ., concur. [91 Misc 2d 452.]

■ In the Matter of KAREN L. BARBATO, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.—In a proceeding pursuant to section 618 of the Insurance Law for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation, the appeal is from an order of the Supreme Court, Richmond County, dated September 20, 1977, which granted the application. Order reversed, with $50 costs and disbursements, and proceeding remanded to Special Term for a hearing in accordance herewith. The conflicting versions of the accident, as given by the infant claimant and as contained in the police report, should be explored at the hearing, and the prerequisite issue of whether there had been contact with the motor vehicle should be determined (see Insurance Law, §§ 617, 618). Damiani, J. P., Titone, Suozzi and O'Connor, JJ., concur.