**In the Matter of Dimitrious TSUNIS, Alleged Debtor.**

**No. CV 83–1932.**

United States District Court, E.D. New York.

Dec. 5, 1983.

Landa, Picard & Weinstein, Lake Success, N.Y., Howard Fensterman, Lake Success, N.Y., of counsel, for petitioning creditors.

Burton & Burton, Hauppauge, N.Y., for alleged debtor; Bernard L. Burton, Hauppauge, N.Y., for alleged debtor; of counsel.

Louis P. Rosenberg, Brooklyn, N.Y., co-counsel for alleged debtor.

*Memorandum of Decision and Order*

MISHLER, District Judge.

This case comes before us on debtor's appeal from the Bankruptcy Court's Decision and Order denying debtor's motion to dismiss the bankruptcy petition and adjudicating him a debtor under Chapter 7.

This action was commenced when four creditors of the debtor Tsunis, who had reduced their claims to judgment liens, petitioned the bankruptcy court for an order of relief pursuant to 11 U.S.C. § 303(b).

Tsunis admitted that he was generally not paying his debts as they came due but moved to dismiss on the grounds that the petitioning creditors did not meet the jurisdictional requirements for bringing an involuntary bankruptcy petition. The bankruptcy judge determined that the jurisdictional requirements of § 303(b) had been met and denied the motion to dismiss. The issue now before us on appeal is whether this determination was correct as a matter of law.

DISCUSSION

11 U.S.C. § 303 governs the procedure for commencement of involuntary bankruptcy proceedings. Section 303(b)(1) covers the instant case. It provides:

(b) An involuntary case is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—

(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or an indenture trustee representing such a holder, if such claims aggregate at least $5,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims.

The issue to be resolved is whether the petitioning creditors meet the requirements of this provision. There is no dispute that they are four separate entities, each holding non-contingent claims against the debtor aggregating $181,045. The dispute is only as to whether these claims amount to at least $5,000 more than the value of the property of the debtor securing the claims.

The claims are secured by judgment liens against debtor's interest in certain improved real property located in Suffolk County. The property is owned by the debtor and his wife as tenants by the entirety. The value of the real estate was determined by the bankruptcy judge to be somewhere between $400,000 and $512,000. The debtor's interest in the property as a tenant by the entirety was found to be merely a survivorship interest and therefore its value was highly speculative but in no event more than $20,000.[1]

■ The dispute centers on which value should be used to determine whether the creditors have met the jurisdictional requirements. The bankruptcy court looked to state law and found that the debtor's interest in the property was no more than $20,000. Based on this value, it concluded that the creditors were unsecured for the difference between their claims of $181,045 and the value of the debtor's interest in the real estate, $20,000, an amount exceeding $5,000. Therefore, the creditors were sufficiently unsecured and could properly bring this petition for involuntary bankruptcy proceedings.

The debtor challenges the value attached by the bankruptcy court to his interest in the property. He claims that the bankruptcy court erred in valuing his interest according to what the creditors would be able to recover in a state action to enforce their liens. Rather, he argues, the proper value is the amount that creditors would recover if the property were sold by the bankruptcy trustee pursuant to 11 U.S.C. § 363(h). That section permits the bankruptcy trustee to sell both the interests of the debtor and the co-owners in the property when the property is held as a tenant in common, joint tenant, or tenant by the entirety, if partition of the property is impracticable, sale of all the interests would realize significantly more for the bankruptcy estate than sale of debtor's interest alone, and the benefit of the estate from the sale of the entire fee outweighs any detriment to the co-owner.[2] Tsunis claims that he satisfies

---

1. These findings were based on the testimony heard by the bankruptcy court. Since they are not clearly erroneous, the findings will not be disturbed by this court.

2. (h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, immediately before the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

(1) partition in kind of such property among the estate and such co-owners is impracticable;

these requirements. If this method of valuation is used, debtor's interest is equal to half of the fair market value of the fee minus the prior mortgage on the house and the Homestead Exemption.[3] Even using the lowest estimated value of the property, $400,000, debtor's interest would be sufficient to secure the claims of two of the four creditors and the jurisdictional requirements of § 303(b)(1) would not be met.

We affirm the findings of the bankruptcy court. 11 U.S.C. § 303 seeks to prevent secured creditors from invoking the jurisdiction of the bankruptcy court in order to satisfy their claims. As such, the determination of whether a creditor is secured or not is based on what it could recover through state proceedings. If a state action will allow the creditor to recover on the claims, it is unnecessary for an action to be brought in bankruptcy court. Therefore, the proper inquiry goes to how much the creditors in this action will be able to recover from this judgment debtor in state proceedings. If the judgments against Tsunis could be satisfied in state court then the creditors would not be permitted to bring a petition for involuntary bankruptcy. If the claims cannot be satisfied in a state action, then the creditors remain unsecured and are entitled to bring an action in bankruptcy court.

 Under New York law a tenancy by the entirety is created by a conveyance to husband and wife. *Ackerman v. Ackerman*, 78 Misc.2d 1, 342 N.Y.S.2d 720 (1973), both of whom are seized of the entire estate. The interest is inseverable, *Security Trust Co. of Rochester v. Miller*, 72 Misc.2d 269, 338 N.Y.S.2d 1015 (1972), and upon the death of one spouse the surviving spouse takes the entire estate. *Schiller v.*

*Schiller*, 80 A.D.2d 164, 439 N.Y.S.2d 476 (N.Y.App.Div.1981).

Under the facts of this case, if the debtor's interest in the property were sold pursuant to state law to satisfy the judgment lien, the purchaser would acquire only the right to take the entire estate in the event that the debtor survives his wife. If the wife survives, the purchaser would take nothing. Given the risks involved, this "right" has been valued at no more than $20,000. Therefore, under state law, in an action to recover on their judgment liens, the petitioning creditors would receive only a right of survivorship worth no more than $20,000. Clearly this is insufficient to satisfy the judgment liens held by the creditors.

The involuntary bankruptcy provisions in the Bankruptcy Code provide a method by which such creditors can recover on their claims. It gives the creditors an opportunity to satisfy their judgments out of valuable property held by the debtor as a tenant by the entirety which otherwise could not be reached. Section 363(h) permits the trustee to sell the entire fee, which will have a substantially greater value than the interest of the tenant by the entirety, reimburse the non-debtor spouse for its interest pursuant to 11 U.S.C. § 363(j) and apply the remainder of the proceeds to the bankruptcy estate. The creditors may then satisfy their liens out of these proceeds. This remedy is only available to the creditors after an involuntary bankruptcy proceeding has commenced and the debtor has been adjudged a bankrupt.

The purpose of this provision is to provide a way for the creditors to satisfy their judgments out of property held by the debtor in some form of co-ownership. It is

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of

electric energy or of natural or synthetic gas for heat, light, or power.

3. The value of debtor's interest would be calculated as follows:

| | |
|---|---|
| Value of entire fee | $400,000.00 |
| Prior mortgage | − 25,000.00 |
| Homestead exemption | − 10,000.00 |
| | $365,000.00 |
| ½ interest of debtor | $182,500.00 |

not intended to provide a basis for evaluating the secured/unsecured status of the creditors. It cannot even be invoked until the bankruptcy court has retained jurisdiction and has ordered relief against the debtor. The amount that creditors may ultimately recover from the debtor after sale of the property by a bankruptcy trustee is irrelevant to the issue of jurisdiction.

The debtor argues that under this analysis the creditors will receive a windfall in the bankruptcy proceeding. They currently claim to be unsecured but upon sale of the property they will be deemed secured by their judgment liens and will be able to collect in full, ahead of the other unsecured creditors.

Debtor's contention fails on two grounds. First, creditors have acted appropriately in reducing their claims to judgment. They should not be penalized for their actions simply because debtor holds his property as a tenant by the entirety. Second, debtor overlooks the windfall he would receive if his method of valuation were adopted. He could avoid the judgment liens properly entered against him and still retain his survivorship interest in real property worth at least $400,000. The courts will not allow a debtor to avoid his obligations by holding his valuable property as a tenant by the entirety to defeat the jurisdiction of the bankruptcy court.

One further note, questions have been raised as to the constitutionality of § 363(h). Since the provision mandates the sale of non-debtor's interest in the property along with the debtor's interest, it has been attacked as a taking of property without due process of law. The Supreme Court, in an analogous case involving the tax laws, *United States v. Rodgers*, 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983) determined, however, that there was no "gratuitous confiscation" because compensation was paid to the spouse. Under § 363(h) as well, the non-debtor spouse must be compensated for her share in the property.

Questions have also been raised as to the value of a tenancy by the entirety to the non-debtor tenant. In this case, as in many others, the non-debtor spouse's interest has been assumed to be 50% of the fair market value of the property. This assumption may be erroneous. A tenant by the entirety is seized of the entire estate, not just 50%. The value of the interest to the tenant will depend on many variables including any tax exemptions available on the property (i.e., the Homestead exemption) and the likelihood that the non-debtor tenant has of surviving the debtor spouse, *see In Re Levenhar*, 30 B.R. 976 (Bkrtcy.E.D.N.Y.1983).

We need not resolve these difficult issues because we hold that 11 U.S.C. § 303, and not § 363 governs the issue at bar.

CONCLUSION

The decision of the Bankruptcy Judge is hereby affirmed. The case is remanded to the Bankruptcy Court for further proceedings consistent with this decision.

SO ORDERED.