■ In the Matter of NORMAN D. HENDERSON, Appellant, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.—Appeal by petitioner from an order of the Supreme Court, Richmond County (Hurowitz, J.), dated March 8, 1984, which, following a hearing, denied his application pursuant to Insurance Law § 5218 for leave to sue the Motor Vehicle Accident Indemnification Corporation (MVAIC).

Order affirmed, with costs.

The body of petitioner's decedent was discovered by a passerby in the roadway on New Street near the intersection of Heberton Avenue and New Street in Staten Island on the morning of September 24, 1982. There were apparently no witnesses to the death. Police initially reported the death as a traffic fatality, but an autopsy performed on the body later listed the cause of death as fractures of the skull, ribs and pelvis and contusions of the heart and lungs under "[c]ircumstances undetermined". Petitioner brought this application for leave to sue the MVAIC for wrongful death and conscious pain and suffering as the result of a "hit-and-run" accident. When the respondent opposed the petitioner's application with contrary medical conclusions, a hearing was held to determine whether the decedent's death was caused by contact with a hit-and-run vehicle (*see, Matter of Barbato v MVAIC,* 61 AD2d 981). The petitioner appeals from a determination of Special Term that he failed to prove that death was caused by a hit-and-run accident.

In order for the court to grant the petitioner permission to bring suit against the MVAIC, the petitioner must meet all the requirements of Insurance Law §§ 5217, 5218 (*see, Canty*

*v MVAIC,* 95 AD2d 509). Among those requirements is proof by a fair preponderance of the evidence that decedent's death was caused by "physical contact" with a hit-and-run vehicle (*see, MVAIC v Eisenberg,* 18 NY2d 1, 3; *Canty v MVAIC, supra,* at p 511; *Matter of Crum & Forster Ins. Cos. [Formisano],* 76 AD2d 864).

The hearing produced three conflicting theories as to the cause of death: by a hit-and-run accident; by a fall from a nearby bell tower; and by a severe assault. The medical condition of the deceased was consistent with each of these theories and each theory was advocated by an expert witness. Even after affording petitioner every favorable inference, it cannot be said that Special Term's determination was against the weight of the evidence (*see, Matter of Crum & Forster Ins. Cos. [Formisano], supra,* at p 865; *Matter of General Acc. Fire & Life Assur. Corp. v Krieghbaum,* 46 AD2d 713; *Matter of Edwards v MVAIC,* 40 AD2d 695). Lazer, J. P., Gibbons, Weinstein and Lawrence, JJ., concur.