Maria Stelz, Respondent and Appellant, v. Minnie Shreck, Respondent and Appellant.

Where land is conveyed to husband and wife without any express restriction as to the character of their holding, they take as tenants by the entirety.

As such tenancy is founded upon the marital relation and upon the legal theory that the husband and wife are one, it depends for its continuance upon the continuance of the relation, and when the unity is broken by a divorce the tenancy is severed; each takes a proportionate share of the property as a tenant in common.

There is no implied condition annexed to an estate by the entirety that the grantees shall remain faithful to the marriage vow, or that either shall not by misconduct cause a severance of the marital relations, and a decree of divorce granted because of adultery does not vest the whole title in the innocent party.

(Argued June 10, 1891; decided October 6, 1891.)

Cross-appeals from order of the General Term of the Supreme Court in the first judicial department, made April 17, 1891, denying motions of both plaintiff and defendant Shreck for a new trial on exceptions taken under section 1001 of the Code of Civil Procedure.

This was an action for the admeasurement of dower.

In 1886 premises in the city of New York were conveyed by deed to William Stelz and Minnie Stelz, his wife. Subsequently William obtained a divorce upon the ground of his wife's adultery. He thereafter married the plaintiff and died intestate. The plaintiff claimed dower in the whole of the land. The defendant, Minnie Schreck, formerly Minnie Stelz, claimed that the tenancy by the entirety created by the deed, was unaffected by the decree of divorce, and that upon the death of her former husband the whole estate vested in her.

*George H. Kracht* for plaintiff. The deed to William Stelz and Minnie, his wife, created an estate by the entirety,' and the consideration for the interest said wife received in said estate from her said husband was her vow of fidelity, and she, as the wife of William Stelz, took the same upon condi-

tion implied in law that she would remain faithful to all the solemn obligations of the marriage relations; and upon breach of this implied condition and a judgment dissolving the marriage in consequence of said breach, she forfeited her interest in said estate. (2 Black. Comm. 152, 183; 2 Washb. on Real Prop. 3; 1 Kent's Comm. 530; *Riggs* v. *Palmer*, 115 N. Y. 511; 1 R. S. 741, §§ 8, 15.) Absolute divorce from the bonds of matrimony has the same operation and effect as the death of the guilty party. (Schouler on Husband and Wife, § 558; *Hyhley* v. *Allen*, 3 Mo. App. 524; *Wood* v. *Simmons*, 20 Mo. 363; *Renwick* v. *Renwick*, 10 Paige, 424; *Lewis* v. *Sleator*, 2 Ia. 609; *Barber* v. *Root*, 10 Mass. 260; *Wigney* v. *Wigney*, 7 Prob. Div. 177; *Barclay* v. *Waring*, 58 Ga. 86.) The guilty wife should not be rewarded for bringing about an absolute divorce for her adultery by having half of her former husband's property bestowed upon her, to enjoy the same in common with her paramour, her subsequent husband. (*Piper* v. *Hoord*, 107 N. Y. 82.) The defendant, Minnie Schreck, is estopped by her own wrongful conduct from claiming title to the premises in question or any part thereof. (Bigelow on Estoppel, 370; Herman on Estoppel, §§ 731, 733, 740, 791; 2 Story's Eq. Juris. §§ 1533, 1544; *Riggs* v. *Palmer*, 115 N. Y. 511.)

*Edward W. Scudder Johnston* and *Lewis S. Goebel* for defendant Shreck. Where lands are conveyed to husband and wife without the use of any express words in the deed as to how they shall take, they do not take as joint tenants, nor as tenants in common, but as tenants by the entirety; both are seized of an entirety or whole, and neither of them can dispose of any part without the assent of the other, and the whole goes to the survivor. In such a case the survivor takes no new acquisition, but under the original limitation his estate being simply freed from participation by the other. (2 Kent's Comm. [7th ed.] 110; Challis on Real Prop. 304; *Jackson* v. *McConnell*, 19 Wend. 175; *Doe* v. *Howland*, 8 Cow. 277; *Fairchild* v. *Chastelleux*, 1 Penn. St. 176; *Stuckey* v. *Keefe*,

26 id. 397 ; *Washburn* v. *Burns*, 34 N. J. L. 18 ; *Lux* v.
*Hoff*, 47 Ill. 425 ; *Ross* v. *Garrison*, 1 Dana, 242 ; *Bertles* v.
*Nunan*, 92 N. Y. 152 ; *A. Ins. Co.* v. *Rest*, 40 Mich. 241 ;
*Chandler* v. *Cheney*, 37 Ind. 398 ; *Barnes* v. *Lloyd*, Id. 524 ;
*Gibson* v. *Zimmerman*, 12 Mo. 386 ; *Dean* v. *M. E. R. Co.*,
119 N. Y. 546.) There is nothing in the statutes of this state
which deprives a woman of a vested right acquired by her
during her coverture, even though her husband obtained a
divorce from her for her adultery, except that she loses her
dower in his lands, and in the absence of any such statutory
forfeiture the land in question remained vested in the defend-
ant Minnie Schreck, and she became seized of the whole
premises on the death of said William Stelz by the fact of the
survivorship by virtue of the conveyance to them, notwith-
standing the discontinuance of the marital relations. (*Erken-
bach* v. *Erkenbach*, 96 N. Y. 456 ; *Pray* v. *Stebbins*, 141 Mass.
221 ; *Wait* v. *Wait*, 4 N. Y. 100 ; *In re Ensign*, 103 id. 284 ;
*Chase* v. *Chase*, 55 Me. 21 ; *Clark* v. *Fosdick*, 118 N. Y. 7 ;
*Galusha* v. *Galusha*, 116 id. 635 ; *Sandford* v. *Sandford*, 45
id. 723 ; *Draper* v. *Jackson*, 16 Mass. 479 ; *Jackson* v. *McCon-
nell*, 19 Wend. 177 ; *Joos* v. *Fey*, 30 N. Y. S. R. 147.) The
intent of this conveyance was to vest an estate in the defend-
ant Minnie Schreck at the time of the delivery of said deed
in the lands so conveyed whereby she took the whole estate
with her husband William Stelz, and also took a vested right to
take the whole estate freed from his interest in case she should
survive him, as subsequently happened. (*Ames* v. *Norman*,
4 Sneed. 696 ; 1 Bishop on Married Women, § 621 ; *Gillespie*
v. *Worford*, 2 Cold. 653 ; *Beach* v. *Hollister*, 3 Hun, 519 ;
1 Washb. on Real Prop. [5th ed.] 708 ; *Thornton* v. *Thornton*,
3 Rand. 182 ; *Jacobs* v. *Miller*, 50 Mich. 120.) William Stelz
not having parted with his interest during his life-time or other-
wise severed this estate, the defendant Schreck, as survivor,
became vested with the whole at his death. (Laws of 1880,
chap. 472.)

*S. Jones* for guardian *ad litem.*

PECKHAM, J. We agree in this case with the views expressed by the learned judges who delivered the opinions at the Special and General Terms of the Supreme Court. The sole question arises out of the decree of divorce which the husband obtained from his first wife on account of her adultery.

Did that divorce have any, and if so what, effect upon the character of the holding of the real property by the former husband and wife? By the conveyance the husband and wife took an estate as tenants by the entirety. (*Bertles* v. *Nunan*, 92 N. Y. 152; *Zorntlein* v. *Bram*, 100 id. 13.)

Such a tenancy differs from all others. In one respect it is like a joint tenancy, in that there is a right of survivorship attached to both, but it is not a joint tenancy in substance or form. (*Barber* v. *Harris*, 15 Wend. 615; *Jackson* v. *McConnell*, 19 id. 175; *Bertles* v. *Nunan*, *supra*.)

It originated in the marital relation, and although the survivorship presents the greatest formal resemblance to joint tenancy, instead of founding the estate by the entirety upon the notion of joint tenancy, all the authorities refer it to the established effect of a conveyance to husband and wife pretty much independent of any principles which govern other cases. (*Jackson* v. *McConnell*, *supra*.)

At common law husband and wife were regarded as one person, and a conveyance to them by name was a conveyance in law to but one person. These two real individuals, by reason of this relationship, took the whole of the estate between them, and each was seized of the whole and not of any undivided portion. They were thus seized of the whole because they were legally but one person. Death separated them, and the survivor still held the whole because he or she had always been seized of the whole, and the person who died had no estate which was descendible or devisable.

Being founded upon the marital relation and upon the legal theory of the absolute oneness of husband and wife, when that unity is broken, not by death, but by a divorce *a vinculo*, it stands to reason that such termination of the marriage tie must have some effect upon an estate which requires the marriage

relation to support its creation. The claim on the part of the counsel for the first wife is that it is only necessary the parties should stand in the relation of husband and wife at the time of the conveyance, and at that time the estate vests, and no subsequent divorce can affect an estate which is already vested. But the very question is, what is the character of the estate which became vested by the conveyance? If it were of such kind that nothing but the termination of the marriage by the death of one of the parties could affect it, then of course the claim of the counsel is made out, but it is an assumption of the whole case to say that the estate was of the character he claims. When the idea upon which the creation of an estate by the entirety depends is considered, it seems to me much the more logical as well as plausible view to say that as the estate is founded upon the unity of husband and wife, and it never would exist in the first place but for such unity; anything that terminates the legal fiction of the unity of two separate persons ought to have an effect upon the estate whose creation depended upon such unity. It would seem as if the continued existence of the estate would naturally depend upon the continued legal unity of the two persons to whom the conveyance was actually made. The survivor takes the whole in case of death, because that event has terminated the marriage and the consequent unity of person. An absolute divorce terminates the marriage and unity of person just as completely as does death itself, only instead of one as in the case of death there are in the case of divorce two survivors of the marriage, and there are from the time of such divorce two living persons in whom the title still remains. It seems to me the logical and natural outcome from such a state of facts is that the tenancy by the entirety is severed, and a severance having taken place each takes his or her proportionate share of the property as a tenant in common without survivorship. It is said that in such case it ought to be a joint tenancy, but I see no reason for that claim. As it has been held that seizin by the entirety does not create a joint tenancy either in substance or form (19 Wend. *supra*), and as a tenancy by the

entirety depended wholly upon the marital relationship, there can be no reason why the seizin should be turned into a joint tenancy by virtue of the very fact which terminated the unity of persons upon which the right of survivorship is itself founded, and to which it owed its continued existence.

It is true that a conveyance of this kind, if made to two persons who were not husband and wife, would, at common law, have created a joint tenancy. But our statute provides that every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be a joint tenancy. (1 R. S. 727, § 44.) This statute did not reach an estate by the entirety, nor did the statutes of 1848 and 1849, and 1860 and 1862. (*Bertles* v. *Nunan, supra*.) It, therefore, still exists under our law.

We have seen, however, that a tenancy by the entirety is not a joint tenancy in form or substance. Upon what principle should the termination of a tenancy by the entirety resulting from an absolute divorce, be changed into a joint tenancy in the face of our statute relating to joint tenancies? The conveyance did not expressly declare that the tenancy was to be a joint tenancy, and, therefore, when the original character of the tenancy by the entirety is changed, it cannot be transformed into that of a joint tenancy without a clear violation of our statute.

The counsel for the defendant urges that we are giving by this decision a retroactive effect to a decree of divorce in a case not warranted by the statute, and in violation of the well-settled rule in this state as to the effect of such a decree. He says that we change the effect of the deed of conveyance and that the decree of divorce not only severs the unity of person from the time of its entry, but that we allow it to date back to the date of the conveyance, and to give an effect to such conveyance that it did not have at the time of its execution. We think not.

We do not at all question the contention of the defendant's counsel that a decree of divorce in this state only operates for the future, and has no retroactive effect or any other effect

than that given by the statute.    But we hold that the character
of the estate conveyed was such in its creation that it depended
for its own continuance upon the continuance of the marital
relation, and when that relation is severed as well by absolute
divorce as by death, the condition necessary to support the
continuance of the original estate has ceased, and the character
of the estate has for. that reason changed.    The estate does not
revest in the grantor or his heirs, for no such condition can be
found in the law or in the nature of the estate, and it must,.
therefore, remain in the grantees, but by an altered tenure.
Their holding is now a holding of two separate persons, and
for the reasons already given such holding should be by ten-
ancy in common and of course without any survivorship.

I think the contention that the first wife is entitled to the
whole of the estate as the survivor of her husband cannot be
maintained.    Although the question is new in this state, it has
been somewhat debated in the courts of some of the other
states.    In *Harrer* v. *Wallner* (80 Ill. 197), and *Lash* v. *Lash*
(58 Ind. 526), and *Ames* v. *Norman* (4 Sneed, 683), similar
views to those we have herein stated are set forth.    A con-
trary decision has been made in Michigan in the case of *Lewis*,
reported in 48 Northwestern Reporter at 680.    We have read
the opinion in that case, but we feel that our own view is
more in accord with legal principles, and we cannot, therefore,
follow it.

Upon the defendant's appeal, the judgment ought to be
affirmed.

Upon the appeal of the plaintiff, her counsel contends that
there is a condition annexed to the estate by the entirety which
is implied by law, and the condition is that each of the grantees
shall remain faithful to the obligations of the married state and
shall not by his or her misconduct cause a dissolution of the
marriage relation upon which the estate depends.    I find no
warrant for implying any such condition in the character of
the holding, and still less for the result which, as he claims,
flows from a violation of such condition.    Its violation (judi-
cially determined) results according to the plaintiff's argument, ·

in the immediate vesting of the whole estate in the innocent party to the marriage, just the same as if the other party thereto were actually dead instead of divorced. None of the authorities treats the estate as dependent upon any such condition, and however proper it might be to enact by legislative authority a condition of that nature, this court has not that power.

It is unnecessary to add anything further to the views which have been expressed by the learned judges of the Supreme Court in this case, and we are of the opinion that the judgment appealed from should be affirmed, and as neither party appealing has succeeded here, the affirmance should be on both appeals, without costs.

All concur, except EARL, J., dissenting, and FINCH, J., absent.

Judgment affirmed.