LILLIAN I. DUNNING, Plaintiff, v. FRANK E. DUNNING et al., Defendants.

Supreme Court, Trial Term, Columbia County, July 30, 1951.

*William E. J. Connor* for plaintiff.

*R. Monell Herzberg* for defendants.

HAMM, J. The plaintiff moves for judgment on the pleadings and the defendants also move for judgment on the pleadings.

The plaintiff and the defendant, Frank E. Dunning, are husband and wife; they were married August 28, 1918. In 1937 they entered into a contract to purchase a farm located in the town of Copake in Columbia County, New York. From that year until March 31, 1947, the plaintiff and the defendant occupied and worked the farm together paying the sum of $10,000 on account of the purchase price. During the early part of 1947 the defendant Dunning made a trip to the South and, when he returned, he persuaded the plaintiff to convey to him her interest in the premises. A mortgage was given to the Equitable Life Assurance Society of the United States for $25,000. The plaintiff signed the mortgage and the accompanying bond. Thereafter, the plaintiff, alleging that the defendant Dunning had become abusive and refused to support her, brought an action in Supreme Court for a reconveyance of the property. In that action the plaintiff was successful and a judgment was entered which decreed that she was the owner of a one-half interest as tenant in common. Thereafter a foreclosure action was brought by the Equitable Life Assurance Society of the United States. The foreclosure action resulted in a judgment of foreclosure, which was assigned to the defendant, Lulu J. Nabors. It is alleged by the plaintiff that the consideration for the assignment was actually paid by the defendant Dunning as a part of a common scheme between the defendants to defraud the plaintiff of her interest in said property.

On January 29, 1951, the plaintiff brought two actions against the defendants and summons and verified complaints were simultaneously served on both defendants. The first action is this

action in partition. The other action is a suit to set aside the judgment of foreclosure and sale obtained by the Equitable Life Assurance Society of the United States and to cancel the mortgage on which the judgment of foreclosure and sale was obtained.

The principal question in an action for partition of real property is the title of the parties. The complaint in this action alleges that the plaintiff and the defendant Dunning are owners each of an undivided one-half interest in the property. This is admitted in the defendants' answer but they allege that the interests of the owners in common are subject to the ownership of the defendant Lulu J. Nabors of the judgment of foreclosure and sale mentioned.

In action for partition the title of the respective owners is at issue. As the title of the respective shares of the owners in common is admitted there is no issue to be determined except the equities of third parties not owners in common. Partition among owners in common is a matter of right (*Chew* v. *Sheldon*, 214 N. Y. 344). The defendant Lulu J. Nabors, being the owner of the judgment of foreclosure, is a proper party to the action as she is the possessor of an outstanding lien. She is not, however, a necessary party.

Nevertheless, before even an interlocutory judgment for the sale of real estate is rendered, it is mandatory that the court require a search of the property or direct a reference as to creditors not parties to the action who may have a lien on the undivided share or interest of any party. (Civ. Prac. Act, § 1038.) This is commonly called creditors' reference.

Moreover, a reference also to ascertain the interest of the parties as distinguished from a creditors' reference is required even when a defendant is in default. It is provided by rule 246 of the Rules of Civil Practice: "*Ascertainment by court of rights of parties before interlocutory judgment.* If a defendant in an action for partition has made default in appearing or pleading, or a party be an infant, the court must ascertain the rights, shares and interests of the several parties in the property, by a reference or otherwise, before interlocutory judgment is rendered in the action."

Consequently, where there is not a default but an answer which raises no triable issue, a motion should be made for an order of reference.

"And where an answer has been interposed which fails to raise an issue, the proper practice is to move for a reference to take proof of plaintiff's title and interest in the premises and

of the matters set forth in the complaint, and a motion for judgment upon the pleadings is therefore properly denied.'' (8 Carmody on New York Practice, § 435, p. 465.)

The plaintiff's motion for judgment on the pleadings is denied, the defendants' motion for judgment on the pleadings is denied and an order may be submitted accordingly.