■ ABRAHAM NAPHTALI, Appellant, v. BLANCHE NAPHTALI, Respondent, et al., Defendant.— In an action by a husband for separation on the ground of abandonment (1st cause of action), to recover his share of the furniture and furnishings of the apartment formerly occupied by the parties (2d cause of action), to recover certain personal belongings (3d cause of action), and to compel his wife to turn over a certain bankbook and for incidental relief (4th cause of action), a counterclaim was interposed for separation on the grounds of abandonment, cruel and inhuman treatment, and nonsupport. The appeal is (1) from a judgment, entered upon the decision of the Official Referee to whom the action was referred to hear and determine, dismissing the four causes of action alleged in the complaint, granting the wife a separation on her counterclaim, directing the payment of $10 a week for her support, and awarding her a counsel fee of $500; (2) from an order dated April 26, 1955 denying a motion to strike out the defense and counterclaims in the third amended answer, and (3) from an order dated July 11, 1955 granting reargument of said motion but on reargument adhering to the original decision. Judgment modified on the law and the facts (1) by striking the word "second" from the first decretal paragraph, (2) by striking from said judgment the third decretal paragraph and by substituting therefor a paragraph providing that under the second cause of action the plaintiff is entitled to recover his share of the furniture and furnishings in the possession of defendant, or the value thereof, (3) by striking from said judgment the sixth decretal paragraph and by substituting therefor a paragraph providing that the counterclaim be dismissed, (4) by striking from said judgment the seventh decretal paragraph, and (5) by striking from said judgment the fifth decretal paragraph which dismissed the fourth cause of action asserting title to the bank account, and by substituting therefor a provision that such cause of action be severed. As so modified, judgment unanimously affirmed, without costs, and action remitted to the Official Referee to take further proof on the second cause of action, if necessary, and to add his determination on that cause of action to the foot of the judgment. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings will be made as indicated herein. A new trial is granted on the fourth cause of action. The evidence establishes that appellant is entitled to a share of the furniture and furnishings, or the value thereof. In our opinion the interests of justice require a new trial on the fourth cause of action, concerning the bank account, to enable the parties to adduce more adequately and more fully all available proof. The evidence establishes that the parties are living apart because of sheer stubbornness, and that there is a failure to prove the elements necessary to authorize a judgment of separation in favor of either party on any statutory ground. The present evidence, adduced on this trial, establishes that appellant's current average net earnings are $73.67 a week, and that the award of $35 a week for the support of the child of the parties may be high. Were the question before us, we should, under all the circumstances, be inclined to reduce the amount of that award. However, since matters of custody, visitation rights, and support of the child have been adjudicated in a prior action between the parties in New York County, such matters will not be adjudicated in this action so long as the other judgment remains unmodified. Order dated July 11, 1955 affirmed, without costs. No opinion. Appeal from order dated April 26, 1955 dismissed, without costs. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ. Settle order on notice. [See post, p. 764.]