Howard A. Zelleb, J.
In this action for partition of real property plaintiff moves for summary judgment. Plaintiff and defendant Leon B. Lobdell were married to each other on February 16, 1961 and two children were horn of the marriage. On April 29, 1963 real property in the Town of Butternuts, Otsego County, consisting of a farm of approximately 128 acres was *461 conveyed to Leon R. Lobdell and Sharon M. Lobdell as tenants by the entirety.
On August 6, 1969 plaintiff and defendant Leon R. Lobdell entered into a written separation agreement. Insofar as pertinent to this action the agreement provides:
“ 1. The parties may and shall at all times hereafter live and continue to live separate and apart. * * *
“ 2. The parties shall not molest or interfere with each other. # * *
“ 3. The parties do hereby make the following division and settlement of their property:
“ (a) The personal property of each of the parties hereto shall remain their own individual property without change, and each party shall own, have and enjoy independently of any claim or right of the other party, all personal and real property belonging to him or her, and now in his or her possession, or which may hereafter belong to him or her, with full power of disposition during lifetime or after death as though he or she were unmarried.
“ (b) The husband hereby forfeits his right at any time to bring an action for partition of the real property jointly owned by the parties herein.
“ (c) The husband shall pay monthly child support of $125.00 * * *.
“ (h) The husband shall not sell or mortgage any property owned by him without the written consent of the wife.
“ (i) The husband shall consult with the wife and reach an agreement with her on any major decisions concerning the joint property. * * *
“ (n) The husband will remodel house on the parties’ property according to plans made by the wife by 1980. * * *
“ (q) The husband agrees to do equally for his children the same that he would do for any children of any future remarriage, if ever.
‘ ‘ 4. The wife shall have sole control of the custody * * *
of the said children * * *
‘1 7. The wife does and shall accept the provisions herein made in full satisfaction for the support and maintenance of herself and children * * *
“ 8. Each of the parties does hereby release the other of and from any claims, demands, dues, debts, rights, or causes of action, except as herein provided.
“ 9. Except as herein otherwise provided each party releases and relinquishes any and all claims and rights (a) to share *462 * * * in the estate of the other party upon * * * death # * *
“10. No modification or waiver of any of the terms of this agreement shall be valid unless in writing and executed with the formality of this agreement. * * *
“12. In the event that an action,for divorce is instituted * * * the parties shall be bound by all the terms hereof, and this agreement shall not be merged in any decree or judgment that may be granted in such action, but shall survive the same * * *
“ 13. The parties have incorporated in this agreement their entire understanding ’ ’.
■The separation agreement was signed by each party and acknowledged by each before a notary public.
Ten days later on August 15, 1969 Leon B. Lobdell obtained a judgment of divorce against Sharon M. Lobdell in the Circuit Court of St. Clair County, Alabama. The decree recites that she filed an “ answer and waiver ” in that action. On August 15, 1969 by virtue of the divorce the parties became owners of the real property as tenants in common. (Stelz v. Shreck, 128 N. Y. 263.)
Leon B. Lobdell remarried on August 16, 1969 and plaintiff remarried on January 25,1971.
Mr. Lobdell has occupied and operated the farm since the date of the separation agreement.
By deed executed and acknowledged on September 14, 1971 defendant Leon B. Lobdell conveyed his interest in the farm property to ‘£ Leon B. Lobdell and Dorothy M. Lobdell, his wife.” This deed was recorded on August 1, 1972 with the Otsego County Clerk. There is no proof that plaintiff consented in writing to this sale on September 14,1971 as required by paragraph 3 (h) of the separation agreement. However, the day after the deed was recorded paragraph 3 of the separation agreement was apparently abrogated. Plaintiff raises no question concerning the validity of the deed and could find it futile to do so now.
In 1972 plaintiff instituted an action against defendant in Supreme Court in Otsego County alleging, inter alla, that defendant had not made support payments as provided by the terms of the separation agreement. Defendant interposed an answer alleging that plaintiff had violated the separation agreement by failing to permit him visitation rights. That action was settled on August 2,1972 by a stipulation signed by the parties and their respective attorneys.
*463 The stipulation provides in part “ the separation agreement entered into hy the partiés hereto on the 6th day of August 1969, be and the same hereby is abrogated except as to paragraphs 1; 2; 7; 8; and 9 thereof,” and further provides for monthly child support of $125 and for other matters pertaining to their support, education and custody.
By their answer in this partition action defendants interpose a separate defense that paragraph 8 of the separation agreement (the “ release ” paragraph) bars plaintiff from bringing this action. The release provision in the separation agreement is clear and undisputed. No triable issue of fact has been raised by the pleadings or the motion papers concerning this release provision. It should be construed without the necessity of a trial. (Matter of Delaware County Elec. Co-op. v. City of New York, 99 N. Y. S. 2d 42, revd. 278 App. Div. 526, revd. 304 N. Y. 196 and Special Term decision affd. )
As stated by the court in Cahill v. Regan (5 N Y 2d 292, 299), ‘ ‘ the effect of a general release * * * cannot be limited or curtailed * * * its meaning and coverage necessarily depend, as in the case of contracts, generally, upon the controversy being settled and upon the purpose for which the release was actually given. Certainly, a release may not be read to cover matters which the parties did not desire or intend to dispose of.” “ It is undoubtedly the general rule that demands originating at the time a general release is given or subsequently, and demands subsequently maturing, are not discharged by the release unless expressly embraced therein or falling within a fair import of the terms implied.” (Farnham v. Farnham, 204 App. Div. 573, 574).
Paragraph 8 of the separation agreement, relied on by defendants as a release of plaintiff’s right to a partition, must be construed in the light of the relationship and circumstances existing when the agreement was executed. While certain terms of the separation agreement were later abrogated by stipulation, paragraph 8 can only be read in context with the entire separation agreement of August 6,1969.
The separation agreement did not provide for exclusive possession .of the farm property by either tenant by the entirety. The Alabama divorce decree merely incorporated the separation agreement by reference and did not confer exclusive possession of the real property to either owner.
It is clear from the entire instrument that the parties contemplated that a divorce might be initiated by either party (pjar. 12), as did occur within a very few days. Both parties recognized *464 that a divorce would alter the nature of their possessory interests in the realty then held as tenants by the entirety (par. 3 [b]). The then husband expressly forfeited in paragraph 3 (b) his right to bring an action for partition of their jointly owned property.
It is significant that no such expressed forfeiture was imposed upon the wife. Other terms of the agreement clearly indicate an intention to protect and preserve the wife’s full rights in the jointly owned premises. For example, the instrument forbade the husband from selling or mortgaging any property owned by him without the written consent of the wife (par. 3 [h]). Paragraph 3 (i) required the husband to consult with the wife and reach an agreement with her on any major decision concerning the joint property. The husband agreed to remodel the house on the parties’ property by 1980 according to the wife’s plans. (Par. 3 [n].)
These detailed provisions concerning the realty compel the conclusions that the parties to the separation agreement intended that these specific terms would constitute their entire understanding concerning their realty then and in futuro. The agreement expressly provides (par. 13) that it incorporates their entire understanding.
Paragraph 8 recites, ‘ ‘ Each of the parties does hereby release the other of and from any claims, demands, dues, debts, rights, or causes of action, except as herein provided.” There is no hint of futurity therein so as to encompass any future claims or causes as might arise. It is a standard release, commonly incorporated in separation agreements and sometimes labeled “ boiler-plate ”, and speaks in the present concerning claims, demands, rights and causes as of August 6,1969.
At that time no right to partition existed. However, there were then existing causes and claims between the then married parties. The provision was written in the present tense and was intended to release the parties to the separation agreement from ‘1 claims, demands, dues, debts, rights, or causes of action ” then existing or specifically referred to in the separation agreement.
The language of the “ release ” provision of the separation agreement does not sustain the contention that it now bars plaintiff from maintaining an action for partition of the real property owned by the parties.
Another defense asserted is that plaintiff is barred from bringing this action because she has been out of possession of the property since 1969, and section 901 of the Beal Property *465 Actions and Proceedings Law requires that a person must hold and be in possession of the realty in order to initiate a partition action. A succinct answer to this is found in CarmodyWait 2d (vol. 14, § 91:24, p. 319), “ Actual possession is not a requisite; constructive possession which follows the legal title is sufficient”, citing Weston v. Stoddard (137 N. Y. 119) and Wainman v. Hampton (110 N. Y. 429). (See, also, Brown v. Crossman, 206 N. Y. 471.)
The defense of unjust enrichment is without merit. Defendants allege that plaintiff contributed nothing to the purchase price of the farm property. Even if true, it is immaterial. When title was taken as tenants by the entirety the law will presume a gift upon the husband’s part to his wife. (Hosford v. Hosfotd, 273 App. Div. 659, 661.) Defendant Leon R. Lobdell contends that pursuant to section 234 of the Domestic Relations Law he now should be awarded exclusive possession of the farm in order to continue to earn his livelihood and provide support for the children. Section 234 authorizes the court in a matrimonial action to make directions concerning possession of property as justice requires. Such authority should not be exercised in an action for partition particularly where circumstances have changed since the divorce was granted in 1969. Mr. Lobdell has remarried and he has deeded his interest in the farm to his present wife and himself. Even an award of sole and exclusive possession of a marital home in a matrimonial action will not necessarily defeat a later action for partition. (Ripp v. Ripp, 38 A D 2d 65, affd. 32 N Y 2d 755.) Hence, this contention has no merit.
Plaintiff’s motion for summary judgment should be granted:
(1) declaring that plaintiff’s cause of action for partition has been established as a matter of law and no defense thereto exists;
(2) directing a hearing to determine whether the property be so circumstanced that an actual partition can be made without great prejudice to the owners or whether the property should be sold at public auction (Real Property Actions and Proceedings Law, § 915); and (3) granting any party the right to a hearing to adjust the rental value of the farm property and expenditures for mortgage payments, interest, and necessary improvements made since the date of the divorce decree. (Real Property Actions and Proceedings Law, § 945; Cosgriff v. Foss, 152 N. Y. 104; Hosford v. Hosford, 273 App. Div. 659, 661, 662, supra; Eakin v. Knabe, 31 Misc. 221, 226.)