William L. Underwood, J.
This case presents a novel twist of the proposition that partition of realty will not lie where a prior judgment of divorce has given one of the spouses exclusive use and occupancy of the marital premises until the divorce decree is modified. (Ripp v Ripp, 32 NY2d 755, affd on the opn of the App Div, 38 AD2d 65.)
On September 12, 1974, the parties were divorced and the court awarded plaintiff, the former wife of defendant, exclusive possession of the marital premises until "the youngest child shall have reached the age of eighteen years.” The judgment further stated that the weekly support payments are inclusive of all obligations of defendant for the support and maintenance of plaintiff and the children. In other words, plaintiff was to provide for the children’s shelter out of the support payments.
Plaintiff has instituted this action for partition and presently seeks summary judgment. Defendant opposes the motion upon the grounds that partition does not lie in this case, that the judgment of divorce awarded plaintiff exclusive possession of the premises until the youngest child shall reach 18 years of age, that plaintiff may not waive the benefit which was given to the children, that the defendant is obligated to provide a suitable residence for his children, and that plaintiff has threatened to move to California.
This court holds that Ripp v Ripp (supra) does not apply to the facts of this case and summary judgment is awarded to plaintiff.
*913 In Ripp, it was the husband who sought by partition to defeat the wife’s award of exclusive possession. The court held that the partition action was premature, and, in the "interest of the orderly administration of justice, what one Judge in a matrimonial action decides should not be put aside abruptly by the order of another Judge in a second action between the same parties.” (38 AD2d 65, 67-68, supra.)
In this case, the converse of the Ripp case, plaintiff, former wife of defendant seeks to waive her award of possession. There is nothing sacred about that provision, and the intent of the judgment was not to shackle plaintiff to the marital premises until the youngest child should reach 18 in 1985.
The Legislature, stated, with due regard to the circumstances of the case and of the respective parties, that "the court may direct the husband to provide suitably for the support of the wife * * * [and] may require the payment of a sum or sums of money * * * to the wife * * * for real * * * property * * * or for the rental of or * * * carrying charges * * * on premises occupied by the wife”. (Domestic Relations Law, § 236; see, also, § 234.)
The requirement then is for the husband to provide suitably for the support of the wife, and exclusive possession of the marital premises is but one method of compliance. One court has aptly stated, "in most instances the practical and expedient method of requiring the husband to provide shelter is to allow the wife to occupy the premises previously used as the marital home.” (Rosenstiel v Rosenstiel, 20 AD2d 71, 78 [Steuer, J., concurring].)
Furthermore, the judgment of divorce in this case specifically states that the support payments are "inclusive of all obligations of the defendant for the support and maintenance of plaintiff.” Therefore, the court does not have to consider an equitable adjustment of the alimony after the grant of partition. (Sarmiento v Sarmiento, 43 AD2d 867.)
Finally, plaintiff, as "a person holding and in possession of real property * * * may maintain [this] action for * * * partition.” (Real Property Actions and Proceedings Law, § 901, subd 1; see, also, Ripp v Ripp, 38 AD2d 65, 68, n 3, supra.)
In conclusion, plaintiff, former wife of defendant, in possession of the marital residence by virtue of a judgment of divorce, may waive her right to possession, and she is free to reside anywhere and anyplace provided her choice does not *914 affect the children of the marriage, who are presently in her custody. In other words, defendant, former husband of plaintiff is obligated to provide shelter for his former wife, but not necessarily in the marital premises.
The order submitted shall contain a provision for the appointment of a Referee (Real Property Actions and Proceedings Law, § 911),