■ ALFRED F. GAJEWSKI, Respondent, v MARIE GAJEWSKI, Appellant.— Order unanimously affirmed, without costs. Memorandum: Plaintiff and defendant were married in 1947. In 1964 they acquired as tenants by the entirety the real estate which is the subject of this partition action. In 1973 they were divorced and at the request of the wife the court, in its judgment, ordered that she have exclusive possession of the marital premises subject, however, to the direction that the property be sold "as expeditiously as possible." The sale was to be at a price agreed upon by the parties and the net proceeds were to be divided equally between them. The decree also provided that the cost of necessary repairs to make the house salable was to be shared by the husband and wife. The property has not been sold or listed for sale nor have any repairs been made (indeed, the parties seem unable to agree upon what repairs are required and what the fair cost of them would be). Accordingly, the husband instituted this action for partition, and Special Term, after attempting unsuccessfully to resolve the matter through negotiation, granted the husband's motion for summary judgment. An order was entered directing sale of the premises and retention of the net proceeds subject to further order of the court. The wife asserts that there were issues of fact raised by the "affirmative defenses" in her answer. We do not agree. Her pleadings raise only matters related to alleged default by the husband in complying with the other provisions of the divorce decree. She does not raise any triable issue of fact with respect to the partition action, and the order of sale was properly entered. While the parties acquired the property as tenants by the entirety, their status changed to that of tenants in common by operation of the judgment of divorce *(Yax v Yax, 240 NY 590; Stelz v Shreck, 128 NY 263; Hosford v Hosford, 273 App Div 659).* A partition action may be maintained by "a person holding and in possession of real property" as a tenant in common (Real Property Actions and Proceedings Law, § 901, subd 1), even though the possession be the constructive possession which follows the legal title held by a divorced spouse

*(Dufour v Lobdell,* 74 Misc 2d 460, 465; 14 Carmody-Wait 2d, NY Prac, § 91:24). The fact that the decree granted sole and exclusive possession to the wife is no impediment to this partition action, because that provision was subject to subsequent modification in the court's discretion pursuant to section 234 of the Domestic Relations Law and, in this case, the possession was expressly limited by the court's direction that the property be sold. While the right to partition is not absolute when the tenancy in common results from divorce of the parties *(Ripp v Ripp,* 38 AD2d 65, affd 32 NY2d 755; and see *Kraus v Huelsman,* 52 Misc 2d 807, affd 29 AD2d 738), we see no reason to deny the requested relief in this action. The partition was contemplated by the parties at the time of the divorce and was expressly ordered in the decree. The Judge ordering the partition was the same Judge who granted the divorce and he obviously acted with the intention of effectuating the provisions of his own order, not sitting in review of a court of co-ordinate jurisdiction (cf. *Maggiore v Maggiore,* 49 AD2d 1021) or modifying a provision of a judgment in a separate action *(Naphtali v Naphtali,* 3 AD2d 731). Any alleged precondition of repair or agreed price before sale has been waived by the husband's initiation of this action and the wife's failure to comply with his requests for co-operation in the interval since the divorce. Furthermore, we note that the pleadings of both parties request alternatively that ·the decree be modified so that the matters in dispute may be resolved. After the sale, and while the proceeds are still held subject to further order of the court, it will be appropriate for the Trial Justice to consider an application in the divorce action addressed to alleged defaults by the husband in his support obligations and any appropriate modification of the divorce decree that the equities of the case may require (see *Ripp v Ripp, supra).* (Appeal from order of Erie Supreme Court in partition action.) Present—Marsh, P. J., Cardamone, Simons, Mahoney and Witmer, JJ.

■ ALAN R. McCALL et al., Appellants v TOWN OF MIDDLEBURY et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Plaintiffs appeal from judgment, after trial without a jury, dismissing plaintiffs' complaint in an action for a judgment, pursuant to subdivision 1 of section 205 of the Highway Law, declaring abandoned a certain portion of the town highway abutting plaintiffs' premises. The trial court factually determined that the disputed portion of the town highway here in issue had not been abandoned within the meaning of section 205 of the Highway Law. In urging reversal, plaintiffs contend that such determination was against the weight of the evidence. Our function in appellate review is to determine whether there is credible proof in the record to sustain the findings and conclusion of the trial court. In such review the record proof is to be given a view most favorable to sustain the judgment *(Van Roo v Van Roo,* 268 App Div 170, 172, affd 294 NY 731). In addition, when, as here, the truth hinges upon the credibility of the witnesses, the trial court's observation advantage is to be given deference and its determination should be given great weight *(Amend v Hurley,* 293 NY 587, 594; *Brunstein v Brunstein,* 273 App Div 847). Further, we should not disturb the findings of the court as the trier of the facts unless its conclusion could not be reached under any fair interpretation of the evidence *(Billington v State of New York,* 33 AD2d 822, 823; *Loeb v Dry Dock Sav. Bank,* 4 AD2d 190, 191, affd 4 NY2d 810). In view of the diametrically opposed testimony concerning the use and activity involving the portion of the town road here in issue, the credibility of the respective witnesses becomes determinative. Trial court's decision implicitly resolved such issue of credibility adversely to the plaintiffs. An analysis of