## (October 5, 1981)

■ BANK OF NEW YORK, Respondent, v JOAN A. STAUBLE, Appellant. — In an action for partition of real property, defendant appeals from an order of the Supreme Court, Rockland County (Stolarik, J.), entered March 20, 1981, which denied defendant's motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, motion granted and complaint dismissed,

without prejudice to an action for partition being brought subsequent to August 16, 1982. Defendant and her husband, John Stauble, were tenants by the entirety of the marital domicile. A judgment of divorce rendered in 1977 granted defendant exclusive occupancy of the marital domicile until August 16, 1982. In 1979, plaintiff, the Bank of New York, obtained money judgments against Mr. Stauble in the amount of $102,819.82, levied on his interest in the marital property and, in 1980, conducted an execution sale. Plaintiff was the only bidder at the same, notice of which was not served upon Mr. Stauble, and it received a Sheriff's deed purporting to convey title in the property. At the time of their divorce, defendant and John Stauble became tenants in common (see *Stelz v Shreck,* 128 NY 263, 269), each capable of bringing a partition action against the other (see *Yax v Yax,* 240 NY 590). However, where, as here, one tenant is granted exclusive possession pursuant to a divorce judgment, the other, not being "in possession of real property" as required by RPAPL 901 (subd 1), may not bring a partition action until the expiration of the period for exclusive possession stated in the divorce decree, in this instance, August 16, 1982 (see *Ripp v Ripp,* 64 Misc 2d 323, affd 38 AD2d 65, affd 32 NY2d 755; *Davies v Davies,* 65 Misc 2d 480). To the extent, then, that plaintiff, as a judgment creditor, was able to bring this action at all (see *Zalewski v Zalewski,* 118 Misc 346, 347), it had no rights greater than that of Mr. Stauble, the tenant in common in whose shoes plaintiff stood as judgment creditor. Since Mr. Stauble was not entitled to possession and therefore did not have standing to bring this action, neither was plaintiff. Special Term should, therefore, have granted defendant's motion for summary judgment and should have dismissed the complaint. Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.