■ ALEXANDRA H. BRIGHTENBACK, Respondent, v RONALD BRIGHTENBACK, Appellant. — In an action, inter alia, for partition, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Martin, J.), entered March 10, 1981, as (1) granted plaintiff's motion for summary judgment as to the first cause of action, and ordered that a Referee be appointed, etc., and (2) denied defendant's cross motion for summary judgment. Order modified, on the law, by deleting the provision denying defendant's cross motion for summary judgment on the second cause of action and substituting therefor a provision granting defendant summary judgment as to the second cause of action. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. Summary judgment was properly granted in favor of plaintiff on the first cause of action. The language in the stipulation awarding her exclusive possession of the marital home until she remarries or until each of the children reaches 21 years of age was not intended to "shackle" plaintiff to the marital home until one of the specified events occurred. Plaintiff is entitled to waive her right to possession and may properly maintain an action for partition (cf. Mahoney v Mahoney, 85 Misc 2d 911). However, summary judgment was improperly denied defendant on the second cause of action, in which plaintiff seeks to recover from defendant the moneys she expended in meeting her mortgage payments on the marital home. Both the stipulation and the divorce judgment clearly required plaintiff to make those payments. Since plaintiff has failed to set forth any facts tending to show that there is merit in her claim for recoupment of the payments, defendant is entitled to summary judgment on this cause of action. Titone, J. P., Mangano, Gibbons and Thompson, JJ., concur.