■ JOHN GASKO, Appellant, v ROSE DEL VENTURA, Respondent. — In an action for partition, plaintiff appeals from an order of the Supreme Court, Westchester County (Rosenblatt, J.), dated January 13, 1983, which denied his motion for summary judgment. Order affirmed, with costs. Although a divorce converts a tenancy by the entirety to a tenancy in common (*Stelz v Shreck,* 128 NY 263) the ex-husband's right to maintain an action for partition is subject to equitable considerations as between husband and wife (*Ripp v Ripp,* 38 AD2d 65, affd 32 NY2d 755 on opn of Hopkins, J.). Plaintiff, as judgment creditor of the ex-husband, and as recipient of a Sheriff's deed conveying the ex-husband's interest in the property to him, had no rights greater than that of the ex-husband, "in whose shoes plaintiff stood" (see *Bank of New York v Stauble,* 84 AD2d 530, 531). Since there are issues of fact as to the extent of such equities, summary judgment was properly denied. Mollen, P. J., Weinstein and Rubin, JJ., concur.

Titone, J., dissents and votes to reverse the order and grant the motion for summary judgment, with the following memorandum: While I am sympathetic to the plight of the defendant, my review of the record discloses no valid defense to this partition action (cf. *Guardian Loan Co. v Early,* 47 NY2d 515). I, therefore, dissent and vote to reverse. It is axiomatic that, at the time of the divorce, the real property owned by the defendant and her ex-husband was converted from a tenancy by the entirety to a tenancy in common (*Stelz v Shreck,* 128 NY 263, 269; *Bank of New York v Stauble,* 84 AD2d 530) and each was thereafter capable of bringing a partition action against the other (*Yax v Yax,* 240 NY 590). As a judgment creditor, plaintiff stands in the shoes of the ex-husband (*Bank of New York v Stauble, supra*). True, where a wife is granted exclusive possession of the marital premises, a judgment creditor may not maintain a partition action as he is not "in possession of real property" within the meaning of RPAPL 901 (subd 1) (see *Ripp v Ripp,* 32 NY2d 755, affg 38 AD2d 65; *Bank of New York v Stauble, supra*). Absent such a provision or its waiver or its termination, however, "partition of the property would not interfere with any judicially created right of occupancy, or compromise the integrity of the judgment of divorce" and may be directed (*Schechter v Schechter,* 73 AD2d 614, 615; see *Brightenback v Brightenback,* 84 AD2d 556; *Gajewski v Gajewski,* 52 AD2d 735, 736). Defendant has tendered no proof that the divorce decree contains a provision granting her exclusive possession. This is a significant omission for plaintiff is statutorily precluded from obtaining a copy (Domestic Relations Law, § 235; see *Mason v Cohn,* 108 Misc 2d 674, 676) and the right of exclusive possession would appear to be a defense to be established by the defendant (cf. *Brightenback v Brightenback, supra*). On a motion for summary judgment, it thus must be assumed that the decree does not so provide (see *Zuckerman v City of New York,* 49 NY2d 557, 560). Plaintiff, in his moving papers, has met the statutory requirements necessary to compel a partition (*Rosen v Rosen,* 78 AD2d 911, 912). "It is well settled, both at common law as well as by statute, that in the absence of an agreement against * * * partition, partition among * * * tenants in common is a matter of right, where they do not desire to hold and use the property in common. Partition is a matter of right, however inconvenient or injurious it may be" (3 Rasch, Real Property Law and Practice, § 2113, p 1627; see, also, *Chew v Sheldon,* 214 NY 344, 348; 14 Carmody-Wait 2d, NY Prac, § 91:3). Defendant's claims relating to her ex-husband's alleged noncompliance with the divorce decree are insufficient to defeat the action (*Gajewski v Gajewski,* 52 AD2d 735,

*supra*). To the extent consistent with statute, the equitable considerations of the defendant may be taken into account in the partition action (*Ford v Knapp,* 102 NY 135, 140-141; 14 Carmody-Wait 2d, NY Prac, § 91:5). She would be entitled to appropriate setoffs for the reasonable value of any improvements and for any disparities in mortgage or tax payments (*Vlcek v Vlcek,* 42 AD2d 308, 311). The rights and shares of the parties would be determined by interlocutory judgment (RPAPL 915; 3 Rasch, Real Property Law and Practice, § 2204; 14 Carmody-Wait 2d, NY Prac, §§ 91:138, 91:139) and the defendant would be entitled to purchase the plaintiff's interest (14 Carmody-Wait 2d, NY Prac, § 91:178). In sum, inasmuch as the defendant has not demonstrated that she is entitled to exclusive possession of the realty and the claims relating to alleged noncompliance with the divorce decree's provisions are not a defense to a partition action (*Gajewski v Gajewski,* 52 AD2d 735, *supra*), the order appealed from should be reversed, the motion for summary judgment granted, and the matter remitted for computation of the parties' respective shares (*Dunning v Dunning,* 200 Misc 775).