OPINION OF THE COURT
Harry Richard Brown, J.
Plaintiff in this action for a partition of real property has moved for an order dismissing defendant’s affirmative defense and granting plaintiff summary judgment. Defendant has opposed plaintiff’s application.
The facts reveal that defendant and Edward Barth were the owners as tenants by the entirety of certain real property *575 located in Shirley, New York, having taken title to said property by deed dated September 28, 1971. On or about October 24, 1975, defendant and Edward Barth entered into a written separation agreement whereby defendant was given the right to exclusive possession of the former marital residence until such time as the youngest child of the marriage becomes emancipated. Edward Barth thereafter filed a petition in bankruptcy and by deed dated June 2, 1977 and recorded on November 16, 1981, Michael F. Friedman as trustee of Edward J. Barth, Jr., bankrupt, transferred the interest of Edward Barth to plaintiff herein. Defendant and Edward Barth were subsequently divorced. The separation agreement, which granted defendant exclusive possession of the marital premises, survived and did not merge in the judgment. Plaintiff commenced this action for partition of the real property in question and now moves for summary judgment on the complaint.
Plaintiffs motion for summary judgment must be denied.
It is axiomatic that when parties owning real property are divorced, a tenancy by the entirety is converted to a tenancy in common (Stelz v Shreck, 128 NY 263; Bank of N. Y. v Stauble, 84 AD2d 530; Gasko v Del Ventura, 96 AD 2d 896). Thereafter, each of the parties is capable of commencing an action for partition against the other subject to equitable considerations as between husband and wife (Ripp v Ripp, 38 AD2d 65, affd 32 NY2d 755) and subject to any party being granted exclusive possession of the premises (Ripp v Ripp, supra; Bank of N. Y. v Stauble, supra; Luvera v Luvera, 119 AD2d 810; Davies v Davies, 65 Misc 2d 480).
However, where one spouse conveys his or her interest in an estate by the entirety prior to a divorce, the purchaser of said interest becomes a tenant in common of the property with the other spouse insofar as the rights of possession and to share in rents and profits are concerned subject to the other spouse’s right of survivorship (Lawriw v City of Rochester, 14 AD2d 13, affd 11 NY2d 759). In this regard it has been said that although one spouse conveys his or her interest in the estate, title is still “deemed to be held by the entirety” (Lawriw v City of Rochester, supra, at 15).
The continued right of survivorship of the nonconveying spouse is the reason why a purchaser of the interest of a tenant by the entirety may not maintain an action for partition (see, Messing v Messing, 64 App Div 125; Ryan v Fitzsim *576 mans, 57 AD2d 922). An action for partition seeks a court-ordered division of the property among the several parties according to their respective interests (3A Warren’s Weed, New York Real Property, Partition, § 1.01 [4th ed]). The division of property in which one party has a right of survivorship cannot be had. Thus, a purchaser of the interest of a tenant by the entirety obtains only the right to use and possess the property in question and may not defeat the right of survivorship by a partition of the property as long as the right of survivorship still exists. While tenants by the entirety may, by agreement, partition property held by them, one tenant by the entirety may not partition the property against the will of the other (Ackerman v Ackerman, 45 AD2d 856; Vollaro v Vollaro, 144 App Div 242).
However, the question is presented in this case as to what terminates the right of survivorship of a remaining tenant by the entirety. The facts herein reveal that subsequent to plaintiff’s obtaining his interest in the property, defendant and Edward Barth were divorced. Although it has been stated that the effect of a subsequent divorce on the purchaser’s interest is an unsettled question of law (5A Warren’s Weed, New York Real Property, Tenancy by Entirety, § 4.03, at 37 [4th ed]), the rule in this Department is that the right of survivorship that one spouse possesses in the property after a transfer by the other spouse is extinguished by a subsequent judgment of divorce (see, Hohenrath v Wallach, 37 AD2d 248). A true tenancy in common is thus created between the parties by the divorce, permitting, in most instances, either cotenant to compel partition.
What prevents plaintiff from compelling partition in the case at bar is the fact that defendant claims exclusive possession of the premises by virtue of the terms of a separation agreement entered into between defendant and her husband which agreement survived and did not merge with the divorce judgment. Plaintiff argues that although the separation agreement was entered into prior to his obtaining an interest in the property, he had no notice of such an agreement nor was there a way that he could have obtained notice. For this reason, plaintiff contends that he should not be bound by the exclusive possession clause in the agreement.
Although plaintiff did not have notice of the separation agreement at the time he obtained his interest, he nevertheless is still bound by it. As the purchaser of the interests of a tenant by the entirety, plaintiff continues to stand in the *577 shoes of the tenant whose interest he purchased (see, Bank of N. Y. v Stauble, supra). Since Edward Barth would not now have been able to compel partition, plaintiff may not do so either. While there appears to be a lack of authority in this State in this area, one writer has suggested such an approach (see, 5A Warren’s Weed, New York Real Property, Tenancy by Entirety, § 4.03, at 38 [4th ed]).
For all the foregoing reasons, plaintiff’s application is denied. Plaintiff must await the expiration of defendant’s exclusive right to possession of the premises before commencing a partition action. In view of the court’s holding and pursuant to the authority in CPLR 3212 (b) the court instead grants defendant summary judgment dismissing plaintiff’s complaint. No costs or disbursements are to be entered in defendant’s favor.