■ WILTON GIVENS, Appellant, v VARLENIA GIVENS, Respondent.—In an action for partition, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Radin, J. H. O.), dated September 15, 1986, which, after a nonjury trial, dismissed the plaintiff's complaint for partition.

Ordered that the judgment is affirmed, with costs.

The parties were married October 26, 1963, and there were no children of the marriage. The plaintiff commenced an action for divorce which resulted in a stipulation being placed on the record in open court on August 18, 1983. At that time, the parties had been separated for over 15 years, with the defendant residing in the former marital premises during that period. The stipulation provided, *inter alia,* that the deed for the premises would include the defendant's name as a joint tenant with right of survivorship. The defendant was to pay the mortgage until its satisfaction at which time she was to deposit $200 per month into a joint account "in consideration for possession of the premises, as rental therefor".

On October 14, 1983, a judgment of divorce (Goldberg, J.), was granted to the defendant based upon her counterclaim and incorporating the stipulation which was to survive and not merge with the judgment.

In February 1984 the plaintiff commenced this action, *inter alia,* for partition of the premises based upon the parties' joint tenancy. The defendant's answer set forth, as a defense, *inter alia,* that the plaintiff "is without the required possession of the subject property and premises". The plaintiff's motion for summary judgment was denied by order dated November 2, 1984 (Kuffner, J.) on the ground that a triable issue of fact was raised as to the intent of the parties with respect to the stipulation. This court *(Givens v Givens,* 114 AD2d 837) affirmed that order for the reasons stated by Justice Kuffner. Thereafter the matter was referred to Radin, J. H. O.

We find the determination of Radin, J. H. O., that the parties' intent with respect to the stipulation was to provide exclusive possession of the premises to the defendant is supported by the evidence. Therefore, the plaintiff's action was properly dismissed. It is axiomatic that once a tenancy by the entirety is converted into a tenancy in common upon the divorce of the parties, either party may, in most instances, bring an action for partition under RPAPL 901 (1) *(see, Stelz v Shreck,* 128 NY 263, 269; *Yax v Yax,* 240 NY 590; *Bank of N. Y. v Stauble,* 84 AD2d 530). However, where exclusive use and possession of the parties' marital premises is awarded to

one spouse, the other is precluded from seeking partition of the premises since the other spouse is neither in present, actual nor constructive possession of the premises *(see, Ripp v Ripp,* 64 Misc 2d 323, *affd* 38 AD2d 65, *affd* 32 NY2d 755; *Bank of N. Y. v Stauble, supra).* Here, the evidence was sufficient to show that the plaintiff agreed to refrain from exercising his right to partition for the duration of the defendant's life provided that she paid the mortgage until satisfaction and thereafter she deposited $200 per month into a joint account for the maintenance of the premises *(see, Ripp v Ripp, supra; McNally v McNally,* 129 AD2d 686).

We have examined the plaintiff's other contentions and find that they do not require reversal. Kunzeman, J. P., Eiber, Harwood and Balletta, JJ., concur.