SECOND DEPARTMENT, JUNE, 1988

(June 6, 1988)

■ CATHERINE ADAMS, Appellant, v JUANITA HOLT, Respondent, et al., Defendants.—In an action for partition, the plaintiff appeals from an order of the Supreme Court, Queens County (Graci, J.), dated August 28, 1987, which denied her motion for summary judgment and awarded summary judgment to the defendant Juanita Holt, dismissing the complaint as against her.

Ordered that the order is affirmed, without costs or disbursements.

The defendant Juanita Holt and her husband, the defendant James T. Holt, were tenants by the entirety of the marital residence located in Jamaica, Queens. In 1969, the plaintiff obtained a money judgment solely against James Holt in the sum of $394.90, eventually levied on his interest in the property and, in 1977, conducted an execution sale. The plaintiff was the highest bidder and received a Sheriff's deed purportedly conveying to her James Holt's interest in the property. Juanita and James Holt were granted a judgment of divorce in or about January 1983, and Juanita Holt was awarded "exclusive occupancy of the marital residence" for an indefinite period of time.

When the Holts were granted a judgment of divorce, the tenancy by the entirety by which they held title to the marital

premises was converted by operation of law to a tenancy in common, and a partition action would ordinarily lie *(see, Stelz v Shreck,* 128 NY 263; *Yax v Yax,* 240 NY 590). However, since Juanita Holt was awarded exclusive occupancy, James Holt had no standing to commence a partition action under RPAPL 901 (1) *(see, Davies v Davies,* 65 Misc 2d 480), unless and until Juanita Holt's right to exclusive occupancy is extinguished *(see, Givens v Givens,* 138 AD2d 348; *Ripp v Ripp,* 38 AD2d 65, *affd* 32 NY2d 755). The plaintiff, having purchased James Holt's interest at a Sheriff's sale, albeit before the divorce, can have no rights greater than those enjoyed by James Holt *(cf., V.R.W., Inc. v Klein,* 68 NY2d 560) and therefore cannot maintain a partition proceeding in the face of Juanita Holt's award of exclusive occupancy *(see, Bank of N. Y. v Stauble,* 84 AD2d 530). Although the plaintiff did not have notice of the divorce proceedings, she is nevertheless bound by the provisions granting Juanita Holt exclusive occupancy *(see, Solomon v Barth,* 135 Misc 2d 574). Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.