OPINION OF THE COURT
Anthony J. Fiorella, Jr., J.
In this alleged illegal lockout proceeding, petitioner seeks restoration upon the ground that she resided at the premises from approximately 1980 through mid-December 1993 at which time she claims respondent rented her first floor apartment to a third party.
Petitioner seeks restoration pursuant to RPAPL 713 (10) which provides that a special proceeding may be maintained where no landlord-tenant relationship exists and the person in possession has entered the property or remains in possession by force and he or his predecessor in interest was not in quiet possession for three years before the time of the forcible entry or detainer and the petitioner was peaceably in actual possession . at the time of the forcible entry or in constructive possession at the time of the forcible detainer.
FACTUAL BACKGROUND
In August of 1980, the parties were married and resided at 2156 Quimby Avenue, Bronx, New York. Antonio and Ana Padilla held title to the property as tenants by the entirety during their marriage. In 1984 the parties separated. In early 1986 respondent obtained a judgment of divorce on default in Supreme Court on the ground of abandonment. The parties’ rights to the marital residence were not adjudicated in that action and petitioner never petitioned the court to do so to this date.
Testimony by the parties at the hearing disclosed that since petitioner had not actually resided in the house during the last quarter of 1993, respondent rented petitioner’s first floor apartment to a Mr. Jonathan Levine in mid-December 1993 for one year pursuant to a written lease. Although petitioner sought to regain occupancy of her apartment with police assistance, her attempt proved unsuccessful as the newly installed tenant exhibited his apartment lease to police officers.
In March of 1994 petitioner obtained a pro se order to show *742 cause seeking restoration to the premises alleging an illegal lockout. This court issued a short form written order on March 4, 1994 concluding after a short conference that since the Supreme Court granted a divorce, any rights to the house and apartment should be resolved by that court, not the Housing Court.
On or about July 20, 1994 petitioner moved with the assistance of counsel to reargue and/or renew the court’s prior decision and further seeking to amend the pleadings, intervene any occupants of the apartment as third-party respondents and to invalidate a current lease between respondent and Jonathan Levine. The court granted petitioner’s motion only to the extent of directing a hearing on the issue of whether this court is the proper forum to adjudicate petitioner’s rights to the marital residence and whether petitioner’s delay in asserting her rights to the premises effectively barred her restoration.
APPLICABLE LAW
At the time of the divorce, the issue of equitable distribution could have been resolved by the Supreme Court. (Gasko v Del Ventura, 96 AD2d 896.) Since respondent obtained the divorce on default, ownership and occupancy rights to the house were not disposed of by the court. Just as this court would not have had the power to decide any of the issues in the original divorce action pendente lite, this court lacks the authority to decide ownership and residency rights postdivorce.
Since petitioner has not sought judicial determination of her rights to the marital residence via partition action, this court should not attempt to define what her rights are in the absence of any agreement. (See, Sherman v Sherman, 168 AD2d 550.)
Based upon petitioner’s supporting affidavits and oral testimony at the hearing, it is reasonable for the court to conclude that she did not occupy the premises on as a consistent a basis for the last three years as she claims. For the predominance of the time she claims to have resided at 2156 Quimby Avenue after the divorce such occupancy for the most part was premised on her daughter’s occupancy of one of the apartments. Furthermore, petitioning Housing Court to now annul and invalidate the existing lease with a third party is clearly beyond the scope and jurisdiction of this court.
*743 Contrary to petitioner’s assertion, restoration to the premises predicated on an alleged illegal lockout does not define or resolve petitioner’s rights to the house nor does it address any possible financial interest she may be entitled to in light of her co-ownership of the property. The right to maintain an action for partition is subject to equitable considerations between husband and wife and, accordingly, partition may be precluded by the equities presented in a given case. (Solomon v Barth, 135 Misc 2d 574; Stressler v Stressler, 193 AD2d 728.)
In Minors v Tyler (137 Misc 2d 505) the paramour who asserted a claim of ownership was at least a co-occupant who possessed an interest in the property, such that petitioner owner’s right to oust respondent paramour is the proper subject of an action for ejectment. Inasmuch as the paramour is not a licensee, Civil Court of the City of New York does not have subject matter jurisdiction of a holdover proceeding designed to oust the paramour who has raised as a defense a claim of constructive trust whereby she would be entitled to an equitable interest in the premises and the matter should be transferred to the Supreme Court which is the proper forum in which to resolve the issues raised.
In the oft-cited case of Rosenstiel v Rosenstiel (20 AD2d 71) the Appellate Division, First Department, held that the wife was not a licensee of her husband and that as long as the marriage relationship is unabridged by a decree of a court of competent jurisdiction or by a valid agreement, the husband cannot employ summary proceedings to evict the wife. In Tausik v Tausik (9 NY2d 664) summary proceedings were authorized because the husband and wife had voluntarily separated and had executed a written agreement signed by the wife which was held to constitute a license to use the husband’s property. It was not necessary to make a determination as to the wife’s status. Where the wife’s right to support has already been determined by an order of the Family Court, summary proceedings were maintainable against her by the husband to recover possession of his premises under RPAPL 713 (7) (Halaby v Halaby, 44 AD2d 495). In the absence of any agreement or judicial determination by a court of competent jurisdiction the Housing Court, being a court of limited jurisdiction, should not determine the parties’ legal rights to the marital residence based on petitioner’s allegation of illegal detainer and forcible entry especially in light of the inordinate time that elapsed from the alleged *744 illegal lockout on December 13, 1993 to petitioner’s initial motion for restoration in March 1994.
CONTRAST
Moreover, assuming arguendo that an illegal eviction occurred, the extensive delay in commencing this proceeding and petitioner’s motion for reargument and/or renewal in July 1994, almost four and one-half months after the court’s initial determination, relegates petitioner to the commencement of a plenary action for wrongful eviction or an action in Supreme Court for resolution of all rights between the parties.
Where an eviction is held to be illegal but a new tenant is already in place, the court must balance the equities between the evicted tenant and the new tenant in order to determine whether reinstatement is warranted or whether the evicted tenant is relegated to a damage action only. (Columbia Assocs. v Miles, NYLJ, June 7, 1989, at 21, col 4 [App Term, 1st Dept].) Petitioner’s inordinate delay in the commencement of this proceeding militates against the exercise of this court’s discretionary powers (Lindsay Park Houses v Greer, 128 Misc 2d 775).
Among the factors considered by the courts in this balancing are: the timeliness of the evicted tenant’s motion for reinstatement (Tuscan Assocs. v Batista, 18 HCR 621 [no restoration after illegal eviction where the evicted tenant waited 13 days before seeking reinstatement and there was a new tenant in place]; Darcy v Castle Assocs., NYLJ, Jan. 17, 1989, at 25, col 2; Cooperative Estates Co. v O'Brien, NYLJ, Oct. 1, 1981, at 7, col 2 [App Term, 1st Dept] [a four-month delay held to be excessive]; Dougert Mgt. Corp. v Lowe, 19 HCR 647); whether the new tenant is involved with the landlord or implicated in the illegality or whether the new tenant is an innocent party. (LaValle v East Realty Co., NYLJ, Sept. 27, 1994, at 23, col 2; Parkash v Lorenzo, NYLJ, Oct. 12, 1994, at 24, col 4.) In the case at bar, petitioner clearly waited much too long before seeking restoration. The apartment has been rerented at least twice during this time, most recently to Miguel Vega and Caine Singh. Further, petitioner offered no testimony that apartment rental to Mr. Levine or the recent tenants Vega and Singh involved any fraud, collusion or overreaching by the respondent for which relief may be granted.
*745 CONCLUSION
Based upon a review of the credible testimony and documentary evidence adduced at the hearing in a light most favorable to the petitioner, the court denies petitioner’s motion for reargument and/or renewal and restoration to the premises. Whatever legal status and rights petitioner may have in the former marital residence should be decided by the Supreme Court, not by a court of limited jurisdiction. Petitioner’s extended delay in asserting her rights bars further consideration by the court.